■ In the Matter of the Claim of Preston Hughes, Respondent, against Acme Steel & Malleable Iron Works, Appellant. Workmen's Compensation Board, Respondent.— Appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board. The board found that while approaching a drinking fountain upon a platform four inches high, claimant stumbled on a piece of coke and fell backward off the platform and to the floor, striking his head upon the floor and sustaining severe brain injuries. The board found, further, that the fall "was not due to any pathology, internal or pre-existing condition." Appellant contends that there was no substantial evidence that claimant stumbled over a piece of coke; that the fall was due to an epileptic seizure; and that if claimant did in fact fall from a platform but four inches high, the platform did not constitute an added risk of the employment, such as to render compensable the disability resulting from an idiopathic fall. We find no substantial evidence of an accidental fall. The board's brief states that claimant testified that he "stumbled on a piece

of coke and fell"; but all of claimant's testimony was stricken out, upon his attorney's consent, as "not reliable" and the record before us clearly reveals the witness' mental confusion. It is urged that the history referred to in a physician's report supports the finding in question; but this seems to us neutralized, or at least rendered so doubtful as to require explanation, by a contradictory statement preceding it, the report being: "He states, 'all I know is that I fell and I was put here after the operation'. At the present time he states that he went to get a glass of water at the Acme Steel and stumbled over a piece of coke and fell." If a history included in a medical report be deemed entitled to the presumption attaching to such report, the presumption must fail in this case, in the face of the "substantial evidence to the contrary" (Workmen's Compensation Law, § 21); and, if treated as hearsay evidence independent of section 21, it is insufficient since it is without corroboration. The board's brief asserts, further, "that pieces of coke were usually around the platform", but we find no such evidence. It may be argued that there was proof tending to support the finding of accident in the testimony that "it looked like there was a slip or something, he went backwards, and he hit his head on that floor, brick, like a brick-concrete floor", coupled with the medical testimony above alluded to, which in complete context was as follows: "From the description of Mr. Hughes' actions I feel he did have a convulsion at the time and that is what caused his fall. However, in the fall he did injure himself to a point that produced this status epilepticus and that he did have internal hemorrhage, but I do feel that the cause of the fall was an epileptic seizure." In the light of the entire record, however, the eyewitness' account does not seem to us to constitute substantial evidence of an accidental fall. The medical testimony above quoted, read in the light of the doctor's other testimony, does not seem to us to have the effect for which the board's brief contends but may, of course, be clarified and further developed upon remittal. Thus we fail to find in the proof cited in the board's brief or elsewhere in the record any substantial evidence that claimant's fall was caused by his stumbling upon some foreign object. The board's cognate finding — that "the fall * * * was not due to any pathology * * * or pre-existing condition"— is contrary to the only medical evidence bearing upon that question. In support of the award, the Attorney-General presents the additional argument that the platform four inches high "constituted an extra hazard or risk of the employment which made it difficult or impossible for [claimant] to break the fall". This was not, however, the basis of the board's decision, which rested upon the finding of a purely accidental fall, while the added risk doctrine, of course, presupposes an idiopathic fall. (See *Matter of Andrews* v. *L. & S. Amusement Corp.*, 253 N. Y. 97; *Matter of Connelly* v. *Samaritan Hosp.*, 259 N. Y. 137; *Matter of Dasaro* v. *Ford Motor Co.*, 280 App. Div. 266, motion for leave to appeal denied 304 N. Y. 986.) In any event, the Attorney-General seems to rest his theory upon the testimony of claimant's physician who, however, repeatedly said that the added effect of a fall from the four-inch height would be negligible and that since, in the doctor's opinion, claimant was not conscious, he could not have acted to break his fall. Whether or not the question was one for medical opinion and proof, this record would by no means support the finding of added risk within the meaning of the authorities above cited. Indeed, it seems to us highly doubtful that an idiopathic fall from a height of but four inches could ordinarily present a factual situation which would render inapplicable the principle of the *Andrews* and *Dasaro* cases (*supra*) which denied awards for falls at ground or floor level, that in each case being, as here, to a concrete surface. Decision and award reversed and case remitted

to the Workmen's Compensation Board for further proceedings, with costs to appellant against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.