■     In the Matter of the Claim of JOHN E. STACHERA, Respondent, v. DAVE HALLMAN CHEVROLET, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a decision awarding

compensation for disability due to a coronary thrombosis and myocardial infarction found by the board to have been caused by strenuous work requiring more than normal exertion. In the course of his duties as a maintenance worker in the employer's automobile body and repair shops, claimant was required to sweep and clean, to pick up and remove junked parts and other trash metal, some parts weighing up to 50 pounds, and to handle, carry out and lift to a truck and then remove and empty 55-gallon and 30-to 35-gallon steel drums used as trash cans, containing smaller metal parts, some of the laden receptacles weighing from 30 to 50 pounds and others up to 70 and 75 pounds. On the day that he was stricken, he had engaged in and completed this work and for 2½ hours thereafter had painted a large overhead door, working from a stepladder, following which and while he was washing up, he experienced the heavy chest pains that marked the onset of the heart attack and caused his removal to the hospital by ambulance. Clearly the board was warranted in finding this work effort to have been "strenuous, requiring more than normal exertion"; and was justified, also, in accepting claimant's medical expert's opinion of causal relationship as against the carrier's expert's denial thereof. Contrary to appellants' contention, there was substantial medical evidence of causally related disability beyond June 9, 1966. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum Per Curiam.