■ In the Matter of the Claim of THOMAS AUFIERO, Respondent, v. HIGHWALL METAL SPINNING & STAMPING Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from decisions of the Workmen's Compensation Board filed March 20, 1967 and October 30, 1967 which discharged the Special Fund for Reopened Cases from liability. Claimant suffered a head injury at work on September 25, 1954 and eventually, after reopening, accident and causal relation were established for disability for convulsive

seizures disorder. He was found to have been mentally incompetent from the accident until the reopening which tolled the limitations of section 123 of the Workmen's Compensation Law. The board also discharged the Special Fund under section 25-a of the Workmen's Compensation Law holding that the time limitations of that section were likewise tolled because of claimant's mental incompetency. Appellants limit their appeal to the applicability of section 25-a contending that the tolling provision should not appy to section 25-a when the claimant would not be prejudiced by such an application. It is claimed that since there has been no determination that liability for benefits would extend prior to the two years before the filing of the application to reopen no prejudice results. It is well settled that, where possible prejudice to claimant exists, section 115 of the Workmen's Compensation Law, which provides that no limitation of time shall run against a mental incompetent so long as he has no committee, is applicable to make section 25-a inoperative and liability is imposed on the employer rather than the Special Fund (*Matter of Kulpa* v. *Alco Prods.*, 10 A D 2d 747, mot. for lv. to app. den. 8 N Y 2d 706; *Matter of Pytel* v. *Carborundum Co.*, 273 App. Div. 832, mot. for lv. to app. den. 297 N. Y. 1040; see, also, *Matter of Sturesky* v. *Straussman*, 273 App. Div. 1036, mot. for lv. to app. den. 298 N. Y. 937). The reopening of the present claim in 1964 was 10 years after the accident so that claimant's asserted right to compensation for this entire period would certainly be prejudiced if restricted to the two-year period allowed under section 25-a. Additionally, the prior closings were made inoperative by the determination, not appealed, that claimant was incompetent until the reopening and this nullifies the statutory requirements invoking Special Fund liability under section 25-a. Decision affirmed, with costs to respondent Special Fund. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Aulisi, J.