■ In the Matter of the Claim of MARIE LEVITAN, Respondent, v AMERICAN SOCIETY FOR TECHNICON et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed August 2, 1984, which ruled that claimant's decedent

sustained an accidental injury in the course of his employment and awarded benefits.

Claimant's decedent was executive vice-president in charge of fund raising for the Technion University of Israel. Decedent's main office was in New York City, but he frequently traveled throughout the United States to raise funds. Although generally very punctual, decedent arrived home from work one hour late on the evening of March 27, 1979. He did not feel well. He told his wife that he had had a busy schedule and had arrived late for an afternoon appointment. Hurrying to make the appointment, he had run for a cab while carrying his briefcase. While running, he felt shooting pains in his arms, shortness of breath, and felt sick. Decedent was ill the rest of the evening and went to bed early. At 4:30 A.M. he had to be taken to the hospital. Two weeks later, on April 14, 1979, decedent died of cardiac arrest resulting from a myocardial infarction suffered on March 27-28, 1979.

Claimant, decedent's wife, filed claims with the Workers' Compensation Board in February and March of 1980 on behalf of herself and her 15-year-old son for disability and death benefits. On June 15, 1983, claimant was awarded benefits. On June 21, 1983, the employer and its carrier filed an application for Board review requesting a reopening of the claims for the purpose of taking further testimony. By decision filed August 2, 1984, the Board affirmed the awards and disallowed the taking of further evidence.

The carrier and employer argue that the Board erred in considering decedent's declarations to his wife concerning his injury, as they were uncorroborated. However, under the statute, decedent's statements were admissible if corroborated by "circumstances or other evidence" (Workers' Compensation Law § 118). This requirement may be met by direct proof of "decedent's prior good health, of his appearance at the end of the workday and of the nature of his employment tasks" *(Matter of Nickels v L. J. Thornton, Inc.,* 53 AD2d 718). Here, claimant testified as to the hectic nature and pressure of decedent's job. Claimant also stated that decedent looked fine on the morning of March 27, 1979 but, that night, he was pale and sweating profusely, hardly ate, was untalkative, and simply did not feel well. Claimant's testimony was sufficient to corroborate decedent's statement *(supra).*

The carrier and employer also claim that the evidence did not establish an accident within the meaning of the Workers' Compensation Law. Decedent's injury was accidental if it was the result of strenuous effort or excessive strain as opposed to

the ordinary wear and tear of life *(Matter of McCormick v Green Bus Lines,* 29 NY2d 246, 248-249; 1B Larson, Workmen's Compensation § 38.64 [a]). The stress undergone by decedent on March 27, 1979, as established by statements to his wife and by additional circumstances revealed in the record, was sufficient to support the Board's inference of accidental injury. Thus, the Board's finding was supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

The carrier and employer further contend that the Board's refusal to allow them to reopen the claims and submit further testimony was arbitrary. On April 11, 1982, the claims were put on a Trial Calendar. The record establishes that at several hearings conducted between then and June 15, 1983, the carrier and employer were expressly given the opportunity to produce this additional evidence and failed to do so. Given these repeated defaults and the insufficiency of their justifications therefor, it was not an abuse of discretion for the Board to deny the application of the carrier and employer to reopen the claims *(Matter of Sammaritano v Attractive Fashions,* 96 AD2d 627, *lv denied* 60 NY2d 558). Finally, it is argued that the denial of the opportunity to present further evidence leaves the determination without sufficient medical evidence of causation. This assertion is without merit. Claimant's expert, Dr. Alvin Schaye, examined the record and submitted a report. Since the report was uncontradicted, it constituted prima facie evidence of causation *(Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 133). The fact that his report relies in part on decedent's statements to his wife does not affect its validity. As already noted, decedent's statements were properly admitted in evidence and hence could be relied upon *(Matter of Hughes v Acme Steel & Malleable Iron Works,* 11 AD2d 563, 564, *on reh* 17 AD2d 886).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.