■ In the Matter of the Claim of THERESA PADILLA, Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed December 4, 1985.

The employer appeals from an award of death benefits, contending that the Workers' Compensation Board erred in relying upon the testimony of claimant, who is decedent's widow as to certain statements made by decedent and in accepting the opinion of claimant's medical expert. Decedent, employed as a plasterer, collapsed after working on a ceiling for approximately 45 minutes. Efforts to revive him proved futile; the certificate of death lists the immediate cause of death as occlusive coronary arteriosclerosis. Claimant testified that as decedent was leaving for work on the morning of his death, he told her that he would be late coming home because he had to work overtime and that he would be fired if he did not work overtime. Claimant's expert testified that decedent's death was causally related to his employment due to the emotional and physical stress created by working rapidly on a job that required overtime.

The crux of the employer's appeal is that the Board erred as a matter of law in relying on claimant's testimony as to what decedent said as he left for work. Workers' Compensation Law § 118 provides that "[d]eclarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury". The corroboration required by this statute is not as technical as that at common law *(Matter of Nickels v L. J. Thornton, Inc.,* 53 AD2d 718). Since claimant's expert testified that decedent's normal work duties would not have contributed to decedent's death without the physical and emotional stress created by working

on a job under time constraints and in anticipation of long hours, decedent's declarations herein are relevant to the issue of whether these added stresses were present. The declarations are, therefore, aimed more at the question of decedent's state of mind than at the related but separate question of the truth of the matters asserted in the declarations. Viewed in this manner, we find ample corroboration in the record. In particular, a co-worker testified that shortly before collapsing decedent declined to stop working for a coffee break because he wanted to finish the plastering job he was working on. The record as a whole contains substantial evidence to support the Board's conclusion that the physical stress associated with the type of work decedent was doing (spackling a ceiling), coupled with the emotional stress of working rapidly on a job that he believed would require working overtime, contributed to decedent's death. There is, therefore, a rational basis for the Board's inference of a work-related accidental injury, and its decision must be affirmed (see, Matter of Levitan v American Socy. for Technicon, 114 AD2d 578).

Decision affirmed, with one bill of costs to respondents. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.