■ In the Matter of the Claim of Susan Cozzolino, Respondent, v Ford Motor Company, Appellant. Workers' Compensation Board, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed June 4, 1987.

The employer objects to the Workers' Compensation Board's findings that the emotional stress of decedent's job, coupled with long hours, contributed to decedent's myocardial infarction and that, therefore, decedent's death is causally related to his employment. In support of its appeal, the employer points to evidence in the record that decedent's job did not require long hours and was not stressful. The employer also asserts that the opinion of claimant's expert is based upon inaccurate information and contained inconsistencies. The Board's decision relies upon the testimony of claimant (decedent's widow) and several coemployees who testified that decedent was a conscientious worker who put in long hours and found the job to be emotionally stressful. The conflict between this testimony and the evidence relied upon by the employer presented a question of credibility for the Board to resolve (see, Matter of

*Axel v Duffy-Mott Co.,* 47 NY2d 1, 8; *Matter of Scollo v Pietrafesa Co.,* 105 AD2d 515).

Despite the employer's claims concerning the testimony of claimant's medical expert, it is clear from the record that the expert was of the view that stress from decedent's employment was a contributing factor in decedent's demise. The contrary opinion expressed by the employer's expert created a question of fact for the Board *(see, Matter of Stiso v Hallen Constr. Co.,* 135 AD2d 974). The employer argues that based upon decedent's preexisting heart disease, the myocardial infarction which resulted in his death was not an accident arising out of and in the course of his employment, but this argument is not supported by recent case law *(see, Matter of Black v Metropolitan Tobacco,* 71 NY2d 989; *Matter of Gates v McBride Transp.,* 60 NY2d 670). The Board's decision should therefore be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.