■ In the Matter of the Claim of JOHN F. LAPINE, Respondent, v CITY OF BEACON et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from an amended decision of the Workers' Compensation Board, filed November 5, 1987, which ruled that claimant sustained a compensable injury and awarded claimant workers' compensation benefits.

Claimant was employed to direct truckers depositing trash at a city dump. On or about December 15, 1984, in the course of making his rounds, he contends that he stepped on something that penetrated his left shoe and felt a pinching sensation which disappeared as he continued to walk. It returned intermittently thereafter, and eventually his foot became swollen and painful requiring him to seek medical attention. This resulted in his hospitalization on January 13, 1985 with multiple medical problems.

His condition began to worsen and an X ray taken on January 26, 1985 indicated a problem with the left foot. The radiologist report concluded that "[t]here may be a foreign body in the soft tissues overlying the fourth toe of the left foot". On February 2, 1985 the left foot was debrided following which the hospital record indicates that no foreign body was found but that it was probably removed by debridement. Claimant's condition continued to deteriorate and gangrene developed, requiring amputation of the left leg below the knee on March 15, 1985. A claim for compensation was filed on May 18, 1985. The claim was controverted and, after hearings before a Workers' Compensation Law Judge, an award was made which was affirmed by the Workers' Compensation Board. Included in the record was a letter to claimant's attorney from Dr. Robert Dianni, the surgeon who performed the operation on claimant, in which he stated that if the history given by claimant as to a piece of metal penetrating his shoe while at work was correct, "there is a definite causal relationship between the injury and his current disability". A report submitted by Dr. Paul Clark on behalf of the employer stated that there was no causal relationship, but that report also indicates that it was based on the erroneous assumption that the accident to claimant occurred three months prior to his hospitalization rather than the actual one month.

In seeking reversal on this appeal, the carrier and the employer contend that the Board erred in denying the carrier an opportunity to cross-examine Dianni, and that the Board's decision is not supported by substantial evidence. We affirm.

The record demonstrates that at the time the carrier made

a request to cross-examine Dianni, it believed that claimant's hospital record was not available for examination. However, it was available and actually used by Clark in providing his opinion as to causal relationship. Additionally, there is no indication in the record that the request to cross-examine Dianni was pursued at the hearing after an adjournment was taken to discuss the availability of the hospital record. In any event, under the circumstances presented, we find no prejudice to the carrier (see, Matter of Rourke v Reichhold Chem., 129 AD2d 949).

Finally, although claimant suffered from multiple and serious medical problems at the time of his admission to the hospital, as previously set forth there is substantial evidence in this record to support the Board's decision which, essentially, involves questions of credibility (see, Matter of D'Amore v Town of Hempstead, 80 AD2d 686).

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.