■ In the Matter of the Claim of GLADYS KAVANAUGH, Respondent, v EMPIRE MUTUAL INSURANCE GROUP et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed January 22, 1987, as amended by decision filed October 7, 1987.

Claimant's decedent, at age 59, began his employment as an underwriter with the employer in March 1982. On October 1, 1982, decedent suddenly collapsed at work; attempts to resuscitate him proved fruitless. The death certificate listed the immediate cause of death as "[c]hronic obstructive pulmonary disease and chronic ethanolism with fatty liver". Claimant filed a claim for death benefits. She testified that the conditions of decedent's new position proved stressful for decedent. He was required to work several hours of overtime at least two days a week to alleviate a backlog. He became nervous and quiet at home, experienced difficulty with sleeping and began to smoke a "little" more despite a lung condition. Claimant noted that the overtime delayed decedent's use of an inhalation machine at home, causing his lungs to become congested. She described decedent as "tired" the day before he died. Notably, decedent told claimant that his superiors were pressuring him to perform overtime and that he was concerned about losing his job. Decedent's previous employment with a brokerage company did not entail overtime. Claimant's medical expert, Dr. Seymour Cutler, testified that decedent suffered a cardiac-related death precipitated by the stress at work. Cutler expressly discounted the causes listed on the death certificate. The employer's expert, Dr. J.D. Matis, opined that decedent died of "acute, chronic alcoholism" with no "cardiac component". The Workers' Compensation Board concluded on the basis of the testimony of claimant and Cutler that death was causally related to decedent's employment. The employer has appealed.

We affirm. The employer maintains that the Board erred in relying on claimant's uncorroborated testimony as to decedent's work activities. Pursuant to Workers' Compensation

Law § 118, decedent's statements were admissible if corroborated by "circumstances or other evidence" *(see, Matter of Padilla v New York City Bd. of Educ.,* 127 AD2d 957, *lv denied* 70 NY2d 602). In our view, claimant's testimony that decedent was regularly working overtime and began to manifest stress symptoms as a result sufficiently corroborated his statements *(see, Matter of Levitan v American Socy. for Technicon,* 114 AD2d 578, 579). In any event, the statutory corroboration requirement did not preclude claimant's personal observations of decedent which, standing alone, substantiate the Board's assessment of a stressful working environment *(see, Matter of Palacio v A & P Tea Co.,* 92 AD2d 683; *see also, Matter of Rackley v County of Rensselaer,* 141 AD2d 232).

We are further unpersuaded by the characterization of Cutler's testimony as speculative. We recognize that Cutler was unable to directly confirm a myocardial infarction due to the absence of an autopsy or history of heart problems. Nonetheless, given the precipitous nature of decedent's death and the tensions at work, Cutler's assessment of a cardiac-related death was probative and clearly rational *(see, Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914, 915; *see also, Matter of Ernest v Boggs Lake Estates,* 12 NY2d 414, 416). The contrary opinion expressed by Matis simply presented a factual dispute for the Board to resolve *(see, Matter of Cozzolino v Ford Motor Co.,* 144 AD2d 204, 205).

Finally, the stress experienced by decedent, as described by claimant, substantiated the Board's assessment of an accidental injury *(see, Matter of Black v Metropolitan Tobacco,* 71 NY2d 989; *Matter of Padilla v New York City Bd. of Educ.,* 127 AD2d 957, 958, *supra; Matter of Levitan v American Socy. for Technicon,* 114 AD2d 578, 579-580, *supra; Matter of Palacio v A & P Tea Co.,* 92 AD2d 683, *supra).* Accordingly, we affirm the Board's decision.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.