■ In the Matter of the Claim of Mary C. Rose, Respondent, v Brickel Association et al., Appellants. Workers' Compensation Board, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed November 21, 1988.

Claimant's decedent, Leonard Rose, was the national sales manager of Brickel Association, a furniture manufacturing company. Rose died of a heart attack while walking to an appointment with the company attorney after he had lunch with the employer's production manager. The day was frigid, with wind-chill temperatures below zero, and Rose was alone when stricken on the sidewalk. His job was stressful and during the week in which he died he had been "absolutely livid" over an incident at work.

After her husband's death, claimant received a check from the employer which included pay for days after the date of death. A note from Steve Brickel, the executive vice-president, accompanied the check. Claimant alleges that in the note Brickel told her not to worry and that a workers' compensation claim had been filed with the insurance carrier. In reliance upon that note and upon various communications from the carrier about the claim, claimant neglected to file a

formal claim with the Workers' Compensation Board until March 1983, well after the expiration of the two-year filing requirement.

The claim was disallowed by a Workers' Compensation Law Judge (hereinafter WCLJ) who found insufficient evidence of a work-related death; the WCLJ held that Rose's death was due to the natural progression of his underlying coronary disease. The WCLJ found it unnecessary to reach the issue of advance payment of compensation (see, Workers' Compensation Law § 28). The Board reversed, determining that both the employer and its carrier were aware of the accident and the facts surrounding the death, as well as the probability that a formal claim would be filed. The Board further held that the payment of wages beyond the date of death, together with the note from Brickel, constituted an advance payment of compensation which precluded the time bar of Workers' Compensation Law § 28 against this claim, and that the death was causally related to Rose's work activities. The employer has appealed.

The employer contends that the claim is time barred and that the payment of wages beyond the death was not an advance payment of compensation. We find support in the record for the determination that there was an advance payment of compensation which effected a waiver of Workers' Compensation Law § 28. Whether a waiver occurred depends on the circumstances surrounding the payment, which must imply an acknowledgement or recognition of liability to constitute a waiver (Matter of Rossini v Arcade Cleaning Corp., 79 AD2d 779, 780). The issue is one of fact for Board resolution (Matter of Opdyke v Automobile Club, 92 AD2d 684, 686), which has the power to reject a disputed version of the events (see, Matter of Poste v Howard Stores, 66 AD2d 944, 945).

Here, the employer was aware that Rose died in the performance of his job duties and thereafter paid wages beyond the date of death. There is evidence, albeit disputed, which supports the finding that the accompanying note indicated that a claim would be filed on behalf of the widow. Considering the entire record, we find the evidence sufficient to support the Board's determination of a waiver of Workers' Compensation Law § 28 (see, Matter of Opdyke v Automobile Club, supra; Matter of Schmitt v Alpha Delta Phi Fraternity House, 33 AD2d 1082, lv denied 27 NY2d 481).

We further find that the Board correctly rejected the contention that the death was not work related. The record contains evidence of the stressful nature of Rose's job and the

particular stress experienced during the week of his death, as well as the walking in extreme weather conditions, which taken together were sufficient to sustain a finding of causally related accidental injury (see, Matter of Pacer v Grabar Elec. Co., 31 AD2d 678, 679; Matter of Stachera v Hallman Chevrolet, 30 AD2d 988, lv denied 23 NY2d 643). The assumptions made by claimant's medical expert in forming his opinion have evidentiary support in the record. The conflict in medical testimony presented an issue for resolution by the Board, whose determination was supported by substantial evidence and thus became final and conclusive (see, Matter of Black v Metropolitan Tobacco, 71 NY2d 989, 990; Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885; Matter of Cozzolino v Ford Motor Co., 144 AD2d 204). Finally, we find corroboration for Rose's statements (see, Workers' Compensation Law § 118) in the testimony by claimant describing her personal observations of her husband (see, Matter of Kavanaugh v Empire Mut. Ins. Group, supra).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.