■ In the Matter of the Claim of RENEE BILLER, Respondent, v STATE INSURANCE FUND, Appellant. WORKERS' COMPENSA-

TION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 1, 1991, which ruled that the death of claimant's decedent was causally related to his work and awarded workers' compensation benefits.

We reject the employer's contention that the evidence in the record does not support the conclusion of the Workers' Compensation Board that the death of claimant's decedent was causally related to his work. Testimony indicated that the locks on decedent's car had jammed and decedent was extremely upset that he might miss a business appointment, eventually driving away holding the driver's side door shut. Decedent was found shortly thereafter slumped in his car and died after having been taken to a hospital. Expert medical testimony indicated that the stress caused by decedent's car trouble was a direct cause of death. The Board's finding was thus supported by substantial evidence (see, Matter of Rose v Brickel Assn., 159 AD2d 782; Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885; Matter of Cozzolino v Ford Motor Co., 144 AD2d 204). Minor discrepancies in the accounts given by different witnesses of the incident at issue do not require a different result (see, Matter of Scollo v Pietrafesa Co., 105 AD2d 515). Further, contrary medical opinion given by other experts simply presented a factual dispute for the Board to resolve (see, Matter of Rose v Brickel Assn., supra; Matter of Kavanaugh v Empire Mut. Ins. Group, supra).

Finally, while the Board's decision states that decedent's death was related to "work effort involving trying to close his car[ ] doors", it is clear from the facts noted by the Board that it was referring to the stress involved in the episode at issue as the cause of decedent's death. Thus, remittal for clarification of this issue would serve no useful purpose (see, Matter of Mizugami v Sharin W. Overseas, 183 AD2d 962).

Mikoll, J. P., Yesawich Jr., Levine, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.