◼ In the Matter of the Claim of GEORGE D. PERRY, Respondent, v GEORGIA PACIFIC CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 333] — Weiss, P. J. Appeal from a decision of the Workers' Compen-

sation Board, filed December 30, 1991, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

On July 5, 1988, while at work as a machine operator in a paper mill, claimant struck his head on a metal bar. He was stunned and his knees buckled, but he neither fell to the ground nor was rendered unconscious. Two months later, claimant noticed swelling in the area of the blow and sought medical attention. After examination by several doctors, claimant ultimately underwent surgery on April 2, 1989 for the removal of a large benign meningioma tumor. In reversing the determination of a Workers' Compensation Law Judge, the Workers' Compensation Board found that claimant had sustained a trauma that aggravated and/or exacerbated a preexisting lesion or otherwise caused a condition requiring the surgery and that claimant's ensuing disability was causally related. The employer has appealed, contending that the Board's decision is not supported by substantial evidence. We disagree and affirm.

The proof includes testimony from claimant's physician, George Boolukos, who opined that the injury aggravated a preexisting lesion or condition thereby directly causing the swelling which necessitated surgery. Magnetic resonance imaging disclosed a large mass lesion and the pathology report referred to a brain tumor showing a very cellular lesion. Boolukos further testified that the injury possibly aggravated a preexisting small lesion that claimant might have had and theorized that a hemorrhage can cause the enlargement of a tumor. Martin Flanagan, the neurosurgeon who diagnosed the condition and performed the surgery, opined that the meningioma was not causally related to the accident and that the accident neither accelerated nor increased the tumor's growth. The employer's consultant, Fiaz Choudhri, also testified that the work-related incident did not aggravate claimant's condition.

We find that the testimony of claimant's physician supports the conclusion reached by the Board that the head trauma was causally related to the tumor and the surgical removal thereof. Although the employer's experts testified to the contrary, it was within the province of the Board to resolve the conflicts in the medical testimony, as well as to determine the weight, credibility and reasonableness to be given such testimony (see, Matter of Vermette v Utica-Oswego Motor Express, 170 AD2d 731). Contrary medical opinions offered by opposing

experts merely present a factual dispute for resolution by the Board *(Matter of Biller v State Ins. Fund,* 186 AD2d 300, 301; *see, Matter of Rose v Brickel Assn.,* 159 AD2d 782; *Matter of Kavanaugh v Empire Mut. Ins. Group,* 151 AD2d 885).

Given the record as a whole, we find that substantial evidence supports the Board's conclusion notwithstanding the conflicting medical opinions of the experts *(see, Matter of Greene v Freihofer Baking Co.,* 180 AD2d 980, 981; *Matter of Vermette v Utica-Oswego Motor Express, supra).*

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, with one bill of costs.