■ In the Matter of the Claim of SHARON KROEGER, Respondent, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [635 NYS2d 112] —Appeal from a decision of the Workers' Compensation Board, filed December 23, 1993, which ruled that the death of claimant's decedent was causally related to his employment and awarded claimant workers' compensation benefits.

Claimant's decedent was a Commissioner of the New York State Workers' Compensation Board. After leaving work on November 8, 1991, decedent collapsed as he was exiting a bus and died of an intercranial pontine hemorrhage. Thereafter, claimant, decedent's widow, filed a claim for workers' compensation death benefits. After a hearing, the Workers' Compensation Board found that decedent's death was causally related to the stress of his job and, accordingly, awarded claimant death benefits. The decedent's employer and its insurance carrier appeal, arguing that this decision is not supported by substantial evidence.

Initially, there is undisputed testimony in the record that decedent was under significant job pressures the week preceding his death. There is also undisputed evidence that decedent was obese and suffered from hypertension and arteriosclerosis. However, the medical testimony presented as to the actual cause of decedent's death was conflicting. One expert testified that the stressful events occurring on November 5, 1991 and November 8, 1991 acted upon decedent's preexisting medical condition to cause the stroke which resulted in his death. Another expert testified that the work-related stresses experienced by decedent before his death were not sufficient to cause the hemorrhage which resulted in his death. It being within the Board's province to assess the weight to be given this conflicting medical testimony (*see, Matter of Lynch v New York City Hous. Auth.*, 169 AD2d 1029; *Matter of Dineen v Islip Fire Dist.*, 135 AD2d 969), we cannot say that its decision is not supported by substantial evidence. Accordingly, the Board's decision must be affirmed.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.