■ In the Matter of the Claim of LEONARD GORDON, Respondent, v STEVEN PAUL, Doing Business as AMERICAN CONSUMER SERVICES, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [650 NYS2d 316] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed September 19, 1994, which ruled that claimant sustained a causally related disability and awarded workers' compensation benefits.

Claimant worked as a traveling salesman selling siding, windows, doors and roofing products. In September 1987 claimant's work schedule was particularly heavy and he suffered a stroke which physically incapacitated him. Thereafter, claimant filed a claim for workers' compensation benefits. After various hearings, the Workers' Compensation Board ruled that claimant's stroke was causally related to his work activities and awarded him workers' compensation benefits. The employer and its insurance carrier (hereinafter collectively referred to as the employer) appeal the Board's decision, arguing that the presumptions of Workers' Compensation Law § 21 do not apply to this case because claimant has not demonstrated that his stroke arose in the course of his employment.

Initially, while the employer has misquoted Workers' Compensation Law § 21, we nonetheless find this statute inapplicable inasmuch as the Board did not rely upon the presumptions contained therein in reaching its decision. The Board evaluated and weighed the evidence in the record in concluding that claimant's stroke was causally related to his employment. The dispositive issue, therefore, is whether the Board's decision is supported by substantial evidence. Based upon our review of the record before us, we find that it is.

In the week prior to his stroke, claimant was busy traveling to and from the City of Newburgh, Orange County, for sales calls. He testified that he did not feel well during this time and advised his employer of this fact. His employer, however,

instructed him to continue traveling. On the evening of September 6, 1987 claimant met a friend at a restaurant at about 8:00 P.M. after returning from a sales call. After returning to his home from dinner, he had a stroke and remembers nothing until paramedics found him two days later; he was diagnosed as having suffered a cerebral hemorrhage.

Claimant's doctor testified that claimant suffered from severe cardiovascular disease, manifested by an abdominal aortic aneurysm and coronary artery disease, as well as hypertension. He stated that claimant was under an unusual degree of stress and that, given claimant's preexisting conditions, the stress "could have and probably did contribute to the development of the cerebral hemorrhage and subsequent stroke". The employer's doctor opined that claimant's stroke was attributable to a number of factors, including his age, hypertension, vascular disease, social history, genetics and high blood pressure. While he did not state that work-related stress was the sole causative factor, he did acknowledge that it was a contributing factor. In view of this medical testimony and claimant's heavy workload during the week leading up to his stroke, substantial evidence supports the Board's finding that his stroke was causally related to his employment (*see, Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801). Accordingly, we decline to disturb the Board's decision.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.