that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of DENNIS DANAHER, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [661 NYS2d 858] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

The misbehavior report, together with petitioner's admissions, provide substantial evidence to support the determination finding petitioner guilty of violating the prison disciplinary rules which prohibit participation in a demonstration and refusing a direct order stemming from his refusal to leave his cell during a lock-in and work stoppage (see, Matter of Henry v Coombe, 237 AD2d 848).* Although petitioner testified that he did so because he feared retaliation by other inmates, this merely created a credibility issue for the Hearing Officer to resolve (see, Matter of Grant v Coombe, 240 AD2d 784; Matter of Henry v Coombe, supra). Based upon our review of the record, we find that the Hearing Officer properly denied petitioner's request to call character witnesses (see, Matter of Gardiner v Coughlin, 190 AD2d 962, lv denied 81 NY2d 710; Matter of Oliver v Kelly, 125 AD2d 947, lv denied 69 NY2d 608). Furthermore, we reject petitioner's assertion that he was denied documentary evidence inasmuch as the tape he requested was no longer in existence (see generally, Matter of Dawes v McClellan, 223 AD2d 890). Petitioner's remaining contentions have been reviewed and are either not properly before this Court or without merit.

Cardona, P. J., Mikoll, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of the Claim of JOSEPH UHLER, Respondent, v A & P et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [661 NYS2d 859] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed October 25, 1995, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

---

Claimant received workers' compensation benefits for injuries he sustained to his left hand when he was electrocuted at work in June 1981. In May 1989, the Workers' Compensation Board reopened the case to consider the nature and extent of claimant's brain trauma resulting from the electrocution. Finding that the Statute of Limitations had been tolled as a result of claimant's mental incompetency following the electrocution (see, Workers' Compensation Law §§ 28, 115), the Board awarded claimant workers' compensation benefits in connection with his brain trauma. The Board further discharged respondent Special Fund for Reopened Cases on the basis of its conclusion that Workers' Compensation Law § 25-a was inapplicable. The employer appeals.

Initially, we reject the contention that there was not substantial evidence to support the Board's finding that the Statute of Limitations was tolled because of claimant's mental incompetence. Testimony revealed that claimant manifested signs of behavioral changes, such as current memory loss, impatience and disorientation toward the end of 1981, which condition grew progressively worse. Claimant's wife and father testified about claimant's dramatic personality disorder following the accident, his inability to remember simple and current events, perform routine tasks or interact and socialize. Albert Chen, a psychiatrist who examined claimant in January 1988, testified as to his opinion that, based upon a review of claimant's medical records and history as conveyed by claimant's father, claimant sustained a brain trauma causing personality and intellectual dysfunctions. According to Chen, these dysfunctions would have occurred within a few months of the accident and were causally related to the electrocution.

Recognizing the Board's power to resolve the conflicting medical testimony offered by the employer and to determine the reasonableness thereof (see, Matter of Perry v Georgia Pac. Corp., 195 AD2d 658), we conclude that substantial evidence supports the Board's finding that claimant's overall inability to function in society as the result of his mental incompetency tolled the Statute of Limitations period (see, Matter of Cerami v City of Rochester School Dist., 82 NY2d 809, 812). We similarly conclude that substantial evidence supports the Board's finding that claimant was totally disabled as a result of severe mental impairment caused by the June 1981 accident. Claimant was unable to return to his position as a mechanic after being electrocuted, although he did return to his employment for a short time to attend classes before being laid off, and Chen's testimony and report establish that claimant was

unable to be gainfully employed as of January 1988. Chen also testified that any future prognosis of improvement was guarded. Finally, we agree with the Board's conclusion that Workers' Compensation Law § 25-a is inapplicable, thereby relieving the Special Fund from liability (*see*, *Matter of Aufiero v Highwall Metal Spinning & Stamping Co.*, 31 AD2d 877, *lv denied* 24 NY2d 738).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.