■ In the Matter of the Claim of JOSEPH MASI, Respondent, v TOWN OF CLARKSTOWN, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [688 NYS2d 799] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 17, 1998, which ruled that claimant's coronary infarction was causally related and awarded workers' compensation benefits.

On June 9, 1990, claimant (then age 50), a 25-year veteran police officer, suffered a myocardial infarction. Although the actual event occurred on a Saturday morning while claimant was off duty, the record discloses that the day before, claimant had engaged in strenuous physical activity when he participated in a karate-type defensive training course required by the employer. The class lasted approximately six hours and included exercises where claimant wrestled a 190-pound fellow officer. In the course of the training, claimant's knee was injured, however, he refused treatment and continued training. On his drive home from work, claimant began to experience nausea, shortness of breath and lightheadedness to such an extent that he was forced to stop on the side of the road until these symptoms abated. Claimant suffered a myocardial infarction the next morning.

The medical testimony provides ample support for the finding of a causal relationship by the Workers' Compensation

Board. Claimant's treating physician testified that the events that transpired in the course of claimant's employment on June 8, 1990 were significant contributing factors to the myocardial infarction he suffered on the morning of June 9, 1990. He further testified that the nausea, shortness of breath and light-headedness experienced by claimant on the evening of June 8, 1990 were early symptoms of the infarction. The impartial medical specialist appointed by the Board testified that two factors could have precipitated claimant's attack, the first being the physical activity required by the training class and the second being the natural progression of claimant's preexisting heart condition. A third expert witness, the physician who testified on behalf of the employer, gave a contrary opinion, averring that claimant's infarction was totally unrelated to his employment. The resolution of such conflicts in medical testimony lies within the province of the Board and, as the decision under review is based on substantial evidence, it will not be disturbed (*see, Matter of Connelly v Connelly Assocs.,* 241 AD2d 572, 573, *lv denied* 90 NY2d 810; *Matter of Kroeger v New York State Workers' Compensation Bd.,* 222 AD2d 912, *lv denied* 88 NY2d 801).

We note the employer's exception to the Board's reference to Workers' Compensation Law § 21. Such reference, while arguably inapposite, is incidental to the resolution of this matter given the substantial evidence supporting the Board's final decision.

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.