■ In the Matter of DAVID WEBER, Appellant, v NORTHBERRY CONSTRUCTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [689 NYS2d 744] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 3, 1998, which, *inter alia*, ruled that claimant had sustained a permanent partial disability.

Claimant was employed as a surveyor in 1986 when he sustained two work-related injuries to his knees and back. Several administrative hearings were held in the ensuing years to determine claimant's continuing eligibility for benefits. The last of these were held on various dates in 1997 on issues relating to, *inter alia*, the degree of claimant's disability. The Workers' Compensation Board ultimately ruled that claimant had sustained a permanent partial disability and that the carrier had made a recoverable overpayment to claimant in the amount of $5,000.

Claimant appeals, contending that his case was prejudiced because he was unable to cross-examine the carrier's private investigator who testified at the administrative hearing on

---

* Petitioner was also charged with, but found not guilty of, interference with an employee and harassment.

May 28, 1997 that he had videotaped claimant as he walked around an outdoor market, exhibiting no indication of a physical impairment. When it became apparent that the videotape could not be shown at that time, the investigator's testimony was adjourned to a subsequent date. By the time the hearing reconvened, the investigator had left his employment and was unavailable to testify. No further evidence was submitted regarding the investigation. We find that claimant was not unduly prejudiced by his inability to cross-examine the investigator in view of the vast amount of evidence, independent of the investigation, which was presented at the administrative hearings. This included medical reports and testimony submitted by nine health care professionals based upon their respective physical examinations of claimant (*see generally*, *Matter of Lapine v City of Beacon*, 145 AD2d 888). It is noteworthy that in the Board's detailed listing of the testimony upon which it relied in arriving at its decision, no mention was made of either the investigation or the investigator's testimony.

The Board's finding that claimant sustained a permanent partial disability, rather than a permanent total disability as urged by claimant, was based on substantial evidence in the form of the expert medical testimony and reports of the three orthopedic surgeons and two chiropractors who testified on behalf of the employer and the carrier. While the medical experts who testified on claimant's behalf expressed contrary opinions, the resolution of conflicts in medical testimony lies within the province of the Board and, if based on substantial evidence in the record, the Board's decision in this regard will not be disturbed (*see*, *Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801). Claimant's remaining contentions have been examined and found to be without merit.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.