■ In the Matter of the Claim of FRANCISCO ESCALA, Respondent, v CECILWARE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [713 NYS2d 779] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 19, 1998, which ruled that claimant has a casually related disability and granted his claim for workers' compensation benefits.

Substantial evidence supports the decision of the Workers' Compensation Board which ruled that claimant has a continuing causally related disability resulting from an altercation at work on August 23, 1994 and was entitled to compensation subsequent to February 12, 1996 (*see, Matter of Weber v Northberry Constr.*, 261 AD2d 744). Based upon an examination of claimant and the results of MRIs indicating a cervical herniation, disc bulges and muscle spasms, Peta Carrera, claimant's treating physician, diagnosed claimant with lumbar radiculopathy and he noticed no improvement in claimant's condition during the period in which he treated claimant from February 12, 1996 through December 1996. Carrera concluded that claimant was totally disabled as a result of the altercation at work and that there was the possibility that claimant's injuries were permanent. In addition, claimant testified regarding his inability to work and that he was receiving continued medical treatment.

Turning to the remaining issues, while it was error for the Board to consider Carrera's medical reports regarding his recent examination of claimant, they were submitted at summation without objection and without a request to further cross-examine Carrera. The remaining evidence and testimony

presented at the hearing, including Carrera's prognosis of claimant's condition, provide substantial evidence to support the Board's decision. Furthermore, we find no abuse of discretion in the preclusion of the testimony of Robert Koval, the physician who examined claimant on behalf of the employer, inasmuch as he twice failed to appear to testify (*see, Matter of Roselli v Middletown School Dist.*, 144 AD2d 223, 225). Accordingly, Koval's written medical report concluding that claimant no longer suffered from any disability could not be considered by the Board in making its decision (*see, Matter of Bozier v A & P Shopwell*, 263 AD2d 631, 632, *lv dismissed* 94 NY2d 814). In any event, it was for the Board to resolve any conflict in the medical evidence presented (*see, Matter of Masi v Town of Clarkstown*, 260 AD2d 889, 890).

Lastly, we reject the argument that the Board's decision was improper in light of the fact that claimant had received unemployment insurance benefits, which require that claimant be ready, willing and able to work. Any unemployment insurance benefits were received by claimant prior to the period at issue.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.