■ In the Matter of the Claim of BONNIE BRYAN, Respondent, v BORG-WARNER AUTOMOTIVE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [742 NYS2d 393] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 13, 2000, which ruled that claimant sustained a causally related pneumothorax of the left lung and made an award of workers' compensation benefits.

The only argument on this appeal by the employer and its workers' compensation carrier is that they were denied due

process by the refusal of the Workers' Compensation Law Judge to permit cross-examination of claimant's medical expert on the causal relationship issue. The Workers' Compensation Board rejected this argument and we see no basis to disturb the Board's decision.

In the absence of a viable difference in the expert opinions expressed in the medical reports, no prejudice accrues as a result of the denial of the right to cross-examine a medical expert (compare, Matter of Torres v TAD Tech. Servs. Corp., 193 AD2d 975; Matter of Lapine v City of Beacon, 145 AD2d 888, with Matter of Roselli v Middletown School Dist., 144 AD2d 223, 225). Based upon claimant's development of a spontaneous pneumothorax while lifting at work, her treating physician concluded that the condition was causally related to her employment. The carrier's independent expert noted that causal relationship is difficult to prove or disprove, that claimant had one or more nonoccupational risk factors for pneumothorax and that, as a result of these risk factors, "[t]he occurrence of the pneumothorax was probably a random event." Nevertheless, the expert also concluded that "as [claimant] states that symptoms started at work and as there is a slight association between rapid, effortless motion and pneumothorax, it would be impossible to prove that there was no association between work and development of the pneumothorax." In light of the unwillingness and/or inability of the carrier's expert to express a definitive opinion on the causal relationship issue, the unequivocal opinion of claimant's expert on that issue was not controverted and, therefore, no prejudice accrued as a result of the refusal to permit the carrier to cross-examine that expert on the causal relationship issue.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.