■ In the Matter of the Claim of CAROL WIGHTMAN, as Widow of PAUL I. WIGHTMAN, Deceased, Respondent, v CLINTON TRACTOR & IMPLEMENT COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [803 NYS2d 762]—

Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed March 30, 2004, which ruled that the death of claimant's decedent was causally related to his employment

and awarded workers' compensation death benefits, and (2) from a decision of said Board, filed December 22, 2004, which denied an application by the workers' compensation carrier for full Board review.

Decedent, who worked as a mechanic for the employer, returned home on the evening of April 10, 2000 and told claimant, his wife, that he had fallen and injured himself at work earlier that day. Due to his subsequent symptoms, he was hospitalized on April 12, 2000 and ultimately diagnosed with necrotizing fasciitis in his knee and septic shock that was attributed to a widespread bacterial infection originating in his knee. He later suffered cardiac arrest and died at the hospital on May 15, 2000. Claimant filed a claim for workers' compensation death benefits, alleging that decedent's death was causally related to his employment. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending that the onset of decedent's symptoms occurred too quickly to have been caused by the alleged unwitnessed fall at work. Following a hearing, the Workers' Compensation Law Judge (hereinafter the WCLJ) credited the testimonies of claimant and her medical experts, and concluded that decedent had sustained a work related injury resulting in his death. The Workers' Compensation Board upheld the WCLJ's decision, and denied the carrier full Board review. This appeal ensued.

Initially, we reject the carrier's contention that the statements of decedent testified to by claimant lacked sufficient corroboration to be considered by the WCLJ and the Board in determining claimant's claim (*see* Workers' Compensation Law § 118). Claimant testified to her personal observations of decedent's appearance and health before and after work on the day of the alleged fall, and the sudden onset of symptoms following his return home that day. Upon examination in the emergency room two days later, decedent was found to have swelling, redness and abrasions on his knee. This evidence, together with the lack of evidence of some other injury that could have caused decedent's infection, supports the Board's consideration of decedent's statements (*see Matter of Rose v Brickel Assn.*, 159 AD2d 782, 784 [1990]; *Matter of Nickels v L.J. Thornton, Inc.*, 53 AD2d 718, 718 [1976]).

The carrier also argues that the Board erred in applying the presumption that " '[u]nexplained or unwitnessed accidents which occur in the course of employment . . . arise out of such employment' " (*Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003], quoting *Matter of Wichtendahl v Arrow Bus*

*Line*, 307 AD2d 400, 401 [2003]; *see* Workers' Compensation Law § 21 [1]). This presumption is rebuttable by the employer's presentation of "substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer" (*Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853 [1995]).

Here, there was conflicting medical evidence as to whether decedent's fall was the cause of the infection that took his life. The physicians who initially examined and treated decedent opined that the injury to decedent's knee was the source of the infection. Significantly, although the carrier's expert stated in his report that it was unlikely that the infection could have arisen so soon after decedent's fall, he also conceded that symptoms such as those exhibited by decedent can occur rapidly after the onset of such an infection. As it was the province of the Board to weigh the conflicting evidence and determine whether the presumption of compensability had been rebutted (*see Matter of Brown v Clifton Recycling, supra* at 736; *Matter of Wichtendahl v Arrow Bus Line, supra* at 401; *cf. Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 815 [2000]), we find no basis to disturb the Board's decision.

We have considered the remaining issues raised by the carrier and find them to be without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.