■ In the Matter of the Claim of BRIDGET GLENDON, Respondent, v 460 PARK ASSOCIATES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [804 NYS2d 120]—

Peters, J. Appeals (1) from a decision of the Workers' Compensation Board, filed March 18, 2004, which ruled that the death of claimant's decedent arose out of his employment and awarded workers' compensation death benefits, and (2) from a decision of said Board, filed February 15, 2005, which denied the employer's request for reconsideration or full Board review.

Claimant's husband (hereinafter decedent) was employed as a building superintendent. The day prior to his death, decedent was working on a water tank located on the roof of the building. Decedent was traveling back to the building to resume work on the water tank the next morning when he collapsed and later died as the result of a myocardial infarction. Ultimately, a Workers' Compensation Law Judge found that decedent's myocardial infarction and resulting death were causally related to his employment and awarded claimant workers' compensation death benefits. Upon review, the Worker's Compensation Board affirmed and the employer now appeals. The employer also appeals from the Board's denial of its request for reconsideration or full Board review.

The testimony of claimant's medical expert provides sufficient support for the Board's finding that decedent's death was causally related to his employment (see Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d 888, 888-889 [2000]; Matter of Masi v Town of Clarkstown, 260 AD2d 889, 889-890 [1999]). Claimant's expert testified that, based upon his review of decedent's medical records, the records of this proceeding and interviews with claimant, he concluded that decedent suffered and died from a myocardial infarction which was related to overexertion at work. He further testified that several facts were important to his conclusion, including decedent's age, previous medical history of hypertension, the duties performed by decedent at work and the symptoms—fatigue, indigestion and lack of appetite—observed by claimant the evening prior to decedent's death. Inasmuch as the facts relied upon by claimant's expert were apparently based upon corroborated statements made by decedent, we are not convinced that the testimony of claimant's expert should have been precluded (see Workers' Compensation Law § 118; Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885, 885-886 [1989]; Matter of Levitan v American Socy. for Technicon, 114 AD2d 578, 579 [1985]).

Although the Board was remiss in its application of the statutory presumption of Workers' Compensation Law § 21 (1), there is ample evidence in the record to support the Board's final determination that decedent's death was causally related to his

employment (*see Matter of Masi v Town of Clarkstown, supra* at 890; *see also Matter of Gordon v Paul*, 233 AD2d 798, 798 [1996]). Finally, we do not agree that the Board's denial of the employer's request for reconsideration or full Board review was arbitrary or capricious and, therefore, we will not disturb that decision (*see Matter of Joyce v United Food & Commercial Workers Local 342-50*, 307 AD2d 552, 554 [2003]; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decisions are affirmed, with costs to claimant.