Matter of Vaughan v Heritage Air Sys., Inc. (2022 NY Slip Op 05361)

Matter of Vaughan v Heritage Air Sys., Inc.

2022 NY Slip Op 05361

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

533623
[*1]In the Matter of the Claim of Georgina M. Vaughan, Respondent,
v
Heritage Air Systems, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Hamberger & Weiss LLP, Buffalo (Renee E. Heitger of counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Andra G. Fraiberg-Vetro of counsel), for Georgina M. Vaughan, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed December 23, 2020, which granted claimant's claim for workers' compensation death benefits.
Claimant's spouse (hereinafter decedent) worked as a sheet metal worker for the employer from September 1997 to March 1998. He retired in 1998 due to unrelated medical conditions attributed to his service in the Vietnam War. In 2000, decedent sought treatment for breathing difficulties and was later diagnosed with chronic obstructive pulmonary disease (hereinafter COPD). By 2006, decedent's condition progressively worsened and he was diagnosed with having severe COPD and underwent various surgeries. Decedent died on November 15, 2017 of cardiopulmonary arrest due to COPD. Evgeny Olenko, a physician who conducted an autopsy at the request of decedent's family, concluded that decedent had died as a result of "[COPD], following . . . prolonged exposure to multiple construction related dusts and noxious gases."
Claimant filed a claim for death benefits in January 2019, alleging that decedent's death was a result of his prolonged exposure to various substances during his employment and that he had last worked for the employer. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had produced prima facie medical evidence of a causally-related death based upon Olenko's autopsy report. Thereafter, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) submitted the independent medical examination report of its medical expert, Carl Friedman. After reviewing decedent's medical records and autopsy report, Friedman opined that the pulmonary condition that resulted in decedent's death was "directly associated" with exposure to certain toxic substances that he would have encountered as a sheet metal worker and that "[a] causally-related death cannot be denied." Following additional hearings, the WCLJ credited claimant's testimony as to certain of decedent's statements, as well as Friedman's expert medical opinion, and concluded that decedent's death was causally related to his employment. A majority of a Workers' Compensation Board panel affirmed and, upon mandatory full Board review, the full Board likewise upheld the decision, agreeing that the record evidence supports the conclusion that decedent's death was causally related to his employment. The carrier appeals from the full Board decision.
We affirm. The carrier argues that the Board erred in relying upon claimant's testimony as to decedent's statements regarding his exposure to asbestos and various other construction dust, gases and materials while employed as a sheet metal worker. Pertinent here, Workers' Compensation Law § 118 provides that "[d]eclarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury." [*2]In this regard, "[t]he corroboration required by this statute is not as technical as that at common law" (Matter of Padilla v New York City Bd. of Educ., 127 AD2d 957, 957 [3d Dept 1987], lv denied 70 NY2d 602 [1987]). Contrary to the carrier's contentions, decedent's statements related to his exposure to various harmful substances during his employment were corroborated by claimant's testimony as to the nature of his work, as well as Olenko's conclusion that his death had resulted from COPD caused by prolonged exposure to certain construction-related substances (see Matter of Wightman v Clinton Tractor & Implement Co., 23 AD3d 788, 789 [3d Dept 2005]; Matter of Padilla v New York City Bd. of Educ., 127 AD2d at 957-958; Matter of Levitan v American Socy. for Technicon, 114 AD2d 578, 579 [3d Dept 1985]). Accordingly, decedent's statements were properly considered by the Board in rendering its determination (see Workers' Compensation Law § 118).
We likewise find no merit in the carrier's argument that the Board's decision is not supported by substantial evidence. "Substantial evidence is a minimal standard and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Burke v New York City Tr. Auth., 189 AD3d 1987, 1989 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted], lv denied 37 NY3d 907 [2021]). On the issue of causation, "the work-related illness need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent's demise" (Matter of Murphy v New York State Cts., 201 AD3d 1072, 1073 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Lavigne v Hannaford Bros. Co., 153 AD3d 1067, 1069 [3d Dept 2017]).
Olenko's autopsy report unequivocally states that decedent's death resulted from his severe COPD, which followed his prolonged exposure to construction dust and gases. The carrier's assertion that Olenko's report should have been precluded is unpreserved, as the record does not reflect that a timely objection was made, despite ample opportunity to do so (see 12 NYCRR 300.2 [d] [12]; Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d 1373, 1376 [3d Dept 2020]; Matter of Napoli v Con Edison, 169 AD3d 1121, 1122 [3d Dept 2019]). We are further unpersuaded by the carrier's contention that Friedman's opinion as to causation, which the WCLJ and Board credited, should have been disregarded as speculative. We are mindful that Friedman was unable to directly confirm decedent's occupational exposure to certain toxic substances. Nevertheless, given his review of decedent's medical history and the autopsy report, Friedman's assessment that decedent would have been exposed to certain toxic substances as a sheet metal worker and that said substances were "directly associated" with the COPD that caused his death was both probative and rational (see Matter [*3]of Rose v Brickel Assn., 159 AD2d 782, 784 [3d Dept 1990]; Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885, 886 [3d Dept 1989]; see also Matter of Glendon v 460 Park Assoc., 23 AD3d 864, 865 [3d Dept 2005]). In view of decedent's statements as offered through claimant's testimony, and the opinions of both medical experts, we find that substantial evidence supports the Board's conclusion that decedent's death was causally related to his employment (see Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1072 [3d Dept 2017]; Matter of Rose v Brickel Assn., 159 AD2d at 783-784; Matter of Padilla v New York City Bd. of Educ., 127 AD2d at 957-958; Matter of Lucas v Kiewit Sons Co., 72 AD2d 637, 637-638 [3d Dept 1979]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.