## (July 13, 1962)

■ In the Matter of the Claim of CARMINE LI GRECI, Appellant, v. GREENE, TWEED & COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board affirming a decision of the Referee which disallowed his claim for disability benefits. On February 11, 1943 claimant was injured in the course of his employment when a box which he was filling with mallets toppled from an adjacent bench upon which it was resting, struck a ladder upon which he was standing and caused him to fall. As the result of the accident he sustained facial and other abrasions, a finger injury and a contusion of the lower back. Claimant returned to work on February 18, 1943 with no compensable time loss. On December 1, 1943 the claim was closed with an award for permanent facial disfigurement. Upon application of claimant the case was reopened and

restored to the Referee's calendar by order of the board dated June 30, 1944 "for consideration of Claimant's disability." On July 31, 1944 claimant was examined by a board physician who reported that although claimant complained of mild pain in the lower back he found no muscle spasm or rigidity and " [n]o defects in the back." He recommended future re-examination with the aid of X rays. On February 23, 1945 another staff physician of the board examined claimant, noted complaints of pain in the dorsal lumbar region of the back and reported that X rays of the cervical, dorsal, lumbar spine and pelvis revealed osteoarthritic changes. His examination disclosed no rigidity of the back muscles. Restricted mobility of the head because of pain upon forward bending was observed. The examiner found claimant to have considerable earning capacity. On May 18, 1945 the same physician re-examined claimant. He again received complaints of pain in the dorsolumbar back and reported that claimant held his back rigidly which restricted full mobility of the trunk. No complaints referable to the cervical area of the spine were made at that time. His estimate of claimant's earning capacity was the same as he had previously indicated. Upon these reports and claimant's statement that he had sustained no loss of earnings, the Referee again closed the claim on the previous award. On June 12, 1958 claimant filed a second application to reopen the case which the board granted. The supporting C-27 medical report executed by his treating physician stated that claimant was suffering from Parkinson's disease and hypertrophic arthritis of the lower spine "where he was injured in his accident" and that he was presently disabled. Pursuant to section 25-a of the Workmen's Compensation Law the Referee relieved the carrier of liability and imposed responsibility for any future award upon the Special Fund for Reopened Cases. Thereupon it undertook the defense of the claim. At subsequent hearings before the Referee claimant's physical condition, employment statuses, treatment and the medical diagnoses of his maladies during the years which followed the injury were explored at length. Claimant contended that the disabling back pain of which he complained resulted from the traumatic aggravation of pre-existing osteoarthritis of the spine. Special Fund maintained that Parkinson's disease long existent before its formal diagnosis in 1956 produced the disablement. There was medical opinion evidence by examining ortheopedic specialists to support each thesis of causal relationship. Doctor Campanella, testifying in favor of causality, essentially based his judgment upon the hypotheses of the complete absence of pain in the lumbodorsal area of the spine prior to the accident, a history of its constant recurrence thereafter and X-ray disclosure of pre-existing osteoarthritis in the spinal region. Trauma, he stated, commonly transmuted an osteoarthritic spine from an asymptomatic to a symptomatic status. Special Fund's expert, Doctor Balenszweig, found claimant's osteoarthritic condition to be minimal and consistent with his age, reasoned that had the injury accentuated it the change would have been more extensive and concluded that the substantial disability was due primarily to Parkinson's disease and unrelated to the injury of February 11, 1943. Upon completion of the proof the Referee found that " claimant's back disability " was not related to the accident and disallowed the claim. Claimant applied to the board for a review of his decision. While the matter was *sub judice* the board panel, over claimant's protests, referred the case to the chairman of the board for the designation of an impartial orthopedist to examine claimant and to report his opinion on the question of causally related disability. Doctor Cohen, the designee, twice physically examined claimant and reviewed the entire case file. X rays taken at his direction revealed moderate osteoarthritis of the lumbar spine and mild osteoarthritis of both hips. He reported and testified that claimant's disability and complaints of pain were due primarily to Parkin-

son's disease and that his back condition was not causally related to the accident. Upon the return of the completed record the same board panel found "that the claimant's disability is due to a pre-existing osteoarthritic condition, Parkinson's disease, and cardiac condition and that the claimant's disability has no relation to the accidental injury of February 11, 1943." On appeal claimant contends that the findings of the board are against the weight of the credible evidence when the record is read as a whole. Our limited jurisdiction does not permit us to weigh the evidence. We perceive no basis to reject Doctor Balenszweig's testimony as insufficient in law. (Cf. *Matter of McCormack* v. *National City Bank*, 303 N. Y. 5.) Thus the expert opinion evidence created an issue of fact the resolution of which was within the exclusive province of the board. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532.) We find substantial evidence in the record to sustain its decision. The referral of the case in the review stage of the proceedings to an impartial specialist for a report on the issue of causal relationship was discretionary with the board. (Workmen's Compensation Law, § 13, subd. [d]; *Matter of Murphy* v. *Niagara Mohawk Power Corp.*, 9 A D 2d 805.) In the then state of the record its action impresses us as provident and not arbitrary. Appellant's other contentions cited as grounds for reversal that he was denied a fair trial, due process of law and equal protection of the laws and was not accorded the benefits of the presumptions favoring working men under the Workmen's Compensation Law are without warrant in the record and basis in the law. Decision of the Workmen's Compensation Board unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.