■ In the Matter of the Claim of Floyd M. Barber, Respondent, v Dayspring Constructors et al., Appellants. Workers' Compensation Board, Respondent. [649 NYS2d 850] —Appeal from a decision of the Workers' Compensation Board, filed October 13, 1994, which ruled that claimant had sustained a causally related disability and granted his claim for workers' compensation benefits.

In September 1990, claimant (then age 52) was employed as a working supervisor on a construction project when he suffered an acute myocardial infarction while lifting 250-pound concrete blocks. It is uncontested that this episode was causally related to his employment. Between November 1990 and April 1992, however, claimant received coronary treatment in the nature of three catheterizations and an angioplasty. The employer challenges the Workers' Compensation Board's ruling that these procedures were causally related to the myocardial infarction suffered by claimant in 1990.

The testimony of claimant's treating physician provides ample support for the Board's determination that claimant's causally related myocardial infarction gave rise to his need for the subsequent catheterizations and angioplasty. While the employer's expert medical witness testified to the contrary, the resolution of conflicts in medical testimony lies within the province of the Board (*see, Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801). We further note that the Board did not abuse its discretion by refusing the employer's request to refer claimant to an impartial specialist, as the record sets forth sufficient testimony to obviate the need for a third medical opinion (*see, Matter of Curtis v Adirondack Trailways*, 146 AD2d 900, 901).

Mercure, J. P., Crew III, Casey, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.