■ In the Matter of the Claim of John DeBlasio, Appellant, v New York City Department of Highways, Respondent. Workers' Compensation Board, Respondent. [668 NYS2d 280] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 1996, which ruled that claimant's current condition was not related to his employment.

In March 1984, claimant sustained an injury to his left arm while lifting a heavy object at work. Claimant subsequently began exhibiting symptoms of Parkinson's disease, which eventually worsened to the point that claimant became totally disabled from his employment. Thereafter, in April 1992, a Workers' Compensation Law Judge determined that the March 1984 injury aggravated claimant's preexisting Parkinson's disease and found that accident, notice and causal relationship had been established. In April 1993, however, a Workers' Compensation Board panel rescinded the Law Judge's findings and directed that claimant be evaluated by an impartial specialist. Following that evaluation, another Board panel determined, based upon its review of the entire record, that claimant's Parkinson's disease was unrelated to the injury that he sustained to his left arm in March 1984. Claimant's subsequent request for full Board review was denied and this appeal ensued.

We affirm. Initially, we cannot say that the Board panel abused its discretion by directing that claimant be evaluated by an impartial specialist. By all accounts, claimant's development of Parkinson's disease at such a young age (late 40s) was quite unusual, and the testimony from the impartial specialist no doubt aided the Board panel in understanding the complexities of claimant's illness and any correlation that may have

existed between the disease and the March 1984 injury (*compare, Matter of Barber v Dayspring Constructors*, 233 AD2d 622; *Matter of Curtis v Adirondack Trailways*, 146 AD2d 900). Similarly unpersuasive is claimant's contention that the underlying decision is not supported by substantial evidence. Although claimant's neurologist was of the view that the March 1984 injury "greatly contributed to the development of [claimant's] Parkinsonian symptoms", the record contained conflicting medical testimony and the Board was free to resolve that conflict in favor of the employer (*see, Matter of Barber v Dayspring Constructors, supra; Matter of Vermette v Utica-Oswego Motor Express*, 170 AD2d 731). Claimant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.