■ In the Matter of the Claim of RUDY M. ZINGLER, Appellant, v EASTMAN KODAK COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [732 NYS2d 657] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed August 27, 1999, which ruled, *inter alia,* that claimant did not sustain an occupational disease and denied his claim for workers' compensation benefits.

Shortly after taking voluntary early retirement from his 30-year career with the employer, claimant sought treatment for various symptoms, including chronic fatigue. He thereafter filed a claim for workers' compensation benefits alleging that his symptoms were the result of exposure to chemicals while cleaning and heat-treating machine parts in the course of his employment. Claimant and the employer presented conflicting expert medical opinions on the issue of whether claimant's chronic fatigue and other symptoms were causally related to chemical exposure at work. The Workers' Compensation Law Judge denied the claim. On claimant's appeal, the Workers' Compensation Board appointed an impartial specialist who concluded that claimant's symptoms were not causally related to the chemical exposure. Subsequently, the Board expressly credited, *inter alia,* the report and testimony of that specialist, who agreed with the employer's experts on the issue of causation. As a result, the Board denied the claim and this appeal ensued.

Claimant contends that the medical evidence submitted by the employer was insufficient to overcome the Workers' Compensation Law § 21 presumption of compensability which, according to claimant, arose upon his submission of medical evidence indicating that his chronic fatigue and other symptoms were causally related to his chemical exposure at work. Thus, claimant concludes, the Board should have granted the claim instead of appointing an impartial specialist.

The Board clearly has the authority to appoint an impartial specialist during the review process (*see,* Workers' Compensation Law § 13 [e]; *see, e.g., Matter of Gullo v Southern Erie Clinical Servs.,* 258 AD2d 689), and its decision whether to do so in a particular case involves the exercise of discretion (*see generally, Matter of DeBlasio v New York City Dept. of Highways,* 246 AD2d 837, *lv denied* 91 NY2d 813; *Matter of Li Greci v Greene, Tweed & Co.,* 17 AD2d 673, 675, *lv dismissed* 12 NY2d 644, *cert denied* 372 US 977). In view of the nature of claimant's symptoms and the conflicting medical evidence submitted, the Board reasonably concluded that an examination by an impartial specialist in the field of toxicology or occupational medicine was warranted.

Furthermore, in our opinion, the reports and testimony of the employer's consultants and the impartial specialist indicating that claimant's symptoms were not caused by exposure to chemicals in the workplace, which the Board specifically credited, were sufficient to rebut any presumption arising under Workers' Compensation Law § 21 and, in addition, provided substantial evidence to support the Board's finding that a causal relationship was lacking (*see, Matter of Salters v Town of Woodstock*, 267 AD2d 720). Under the circumstances, the decision is affirmed.

Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.