Rose, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed March 28, 2001, which ruled that claimant’s disease was not causally related to his employment and denied his claim for workers’ compensation benefits, and (2) from a decision of said Board, filed May 1, 2002, which denied claimant’s request for reconsideration or full Board review.
Claimant, an auto body repairer for approximately 27 years, was diagnosed with stomach cancer. Primarily attributing his condition to exposure to chromium and talc encountered in the course of his employment, claimant filed an application for workers’ compensation benefits. The employer’s workers’ compensation carrier controverted the claim, offering expert testimony that there is no medically recognized causal link between exposure to chromium or talc and stomach cancer. Resolving the conflicting expert evidence against claimant and finding that the evidence failed to establish the cause of his stomach cancer, the Workers’ Compensation Board concluded that his disease was not causally related to his occupation and denied the claim. Claimant now appeals.
The Board credited the testimony of the carrier’s expert, a specialist in internal medicine, indicating that research studies have found only one type of chromium to be carcinogenic and then only in the upper respiratory tract. Since claimant’s treating physician conceded that the carcinogenic effect of chromium is most likely linked to lung cancer and since the literature which that expert cited did not substantiate his claim of a causal link between chromium and stomach cancer, the testimony of the carrier’s expert successfully rebutted the statutory presumption of compensability arising under Workers’ Compensation Law § 21 and, in addition, provided substantial evidence supporting the Board’s finding that claimant did not suffer from a disease causally related to his occupation (see Matter of Zingler v Eastman Kodak Co., 288 AD2d 564, 565 [2001]; Matter of Estate of Hertz v Gannett Rochester Newspapers, 272 AD2d 814, 814-815 [2000]). Inasmuch as a conflict in medical testimony is *644 within the province of the Board to resolve, particularly when it relates to causation (see Matter of Newton v Sears Roebuck & Co., 293 AD2d 862, 863-864 [2002]), we find no basis upon which to disturb the Board’s decision.
Claimant’s remaining contentions have been considered and found to be without merit, and his appeal from the Board’s decision denying reconsideration or full Board review is deemed abandoned as he has failed to raise any issues with respect thereto in his brief (see Matter of Lombardi v Brooklyn Union Gas Co., 306 AD2d 704, 704 [2003]).
Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.