In the Matter of the Claim of MAGGIE PEARL HENDERSON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 640]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed December 17, 2007, which ruled that claimant did not sustain a causally related injury and disallowed her claim for workers' compensation benefits.

After claimant had worked for nearly 20 years as a New York City bus driver, she alleged that her recurring exposure to exhaust fumes and dust in the course of her work had caused her to develop severe and disabling asthma. When she applied for workers' compensation benefits, claimant and her employer presented conflicting expert medical opinions. Claimant's expert opined that her asthma was caused by her employment while the employer's expert opined that it was not, but that it was exacerbated by her working conditions. He also noted, however, that she was morbidly obese, her marked obesity contributed to her airway dysfunction, and "[u]nderlying obesity independently can result in airway hypersensitivity and initiate as well as exacerbate asthma conditions." The Workers' Compensation Law Judge found a work-related exacerbation of claimant's preexisting conditions and a permanent partial disability. The employer appealed and the Workers' Compensation Board directed that claimant be examined by an impartial medical specialist (*see* Workers' Compensation Law § 13 [e]). Based on his examination and testing of claimant, the specialist diagnosed her primary illness as marked moderate restrictive pulmonary function, concluded that it was the cause of her partial disability, and opined that this primary illness was not caused or exacerbated by her working conditions, but was most likely caused by her morbid obesity. On the basis of that opinion, the Board then disallowed her claim.

We are unpersuaded by claimant's initial argument that the Board improperly referred the matter to an impartial specialist. As the Board noted, claimant's and the employer's experts disagreed as to the cause of her asthma, and while her physician attributed her asthma and bronchitis to her exposure to dust and fumes, he did not advise her to stop working as a bus driver. The employer's expert did not attribute claimant's asthma to her work, but found it to be exacerbated by dust and diesel fumes, and concluded that she had both a temporary partial disability and a permanent restriction against exposure to dust and fumes. Due to this lack of consensus as to whether or how claimant's diagnosed conditions are related to her work and what, if any, disability these conditions caused, the Board did not abuse its discretion in seeking the opinion of an impartial specialist (*see Matter of Zingler v Eastman Kodak Co.*, 288 AD2d 564, 564 [2001]; *Matter of DeBlasio v New York City Dept. of*

*Highways*, 246 AD2d 837, 837-838 [1998], *lv denied* 91 NY2d 813 [1998]).

Similarly unpersuasive is claimant's contention that the Board's rejection of her claim is not supported by substantial evidence. The impartial specialist made a diagnosis of claimant's respiratory conditions that is fundamentally different than that of the parties' experts and attributed it not to her work activities, but to her morbid obesity and possible lung disease. Thus, there is substantial medical evidence in the record supporting the Board's determination that there is no causal relationship between her disabling condition and her employment (*see Matter of Mazayoff v A.C.V.L. Cos., Inc.*, 53 AD3d 890, 892 [2008]; *Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008]; *Matter of Goding v Par Microsystems*, 291 AD2d 765, 765 [2002]).

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.