██    In the Matter of the Claim of MARILYN LIPPMAN, Appellant-Respondent, v. BIENNIER TRANSPORTATION Co. et al., Respondents-Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was a garage mechanic for a taxi company. It could be found that, with the express permission of the employer, decedent repaired a car owned by a fellow-employee; and that there was some rather remote connection between the fellow-employee's arrival on time for work and the proper functioning of his car. After decedent completed work on this car, it still did not function properly and after usual hours of work decedent came back into the shop to work on it; while there another employee accidentally threw a lighted match on the floor causing the gas line of the car to ignite, burning decedent, and eventually causing his death. Although it seems not disputed that the employer authorized the work which decedent commenced during usual working hours, it is argued that this authorization did not extend to the after-hours period when the accident happened, and that he was not in the course of employment at that time. But authorization to do the work might on this record be found as a fact to include authorization to do the work properly, even extending after usual work hours. Moreover, there is established a formal admission against interest by the employer — at the high level of judicial admission — that the injury occurred in the course of employment. The claimant widow sued the employer in the Supreme Court alleging negligence. Among other defenses the employer alleged that decedent "was acting in the course of his employment and in furtherance of the business of this defendant" when injured. The finding by the board that the accident occurred in the course of employment is fully warranted. The claim has been allowed by the board in favor of the dependent children of the decedent; but dismissed as to the widow because of a "compromise" of a third-party action without consent of the carrier. We think the widow's claim should not have been dismissed on this ground. The action was maintained in the Supreme Court by the widow both against the employer directly and against the owner of the building. It alleged the negligence of the employer as well as of the building owner in failing to provide a safe place to work and failure to make necessary protective rules. The building owner cross-claimed against the employer alleging liability over if it were to be found liable. The employer pleaded the defense that the Workmen's Compensation Law provided the sole remedy. Counsel for the widow marked the case "settled" on the calendar, apparently inadvertently, and without approval of the widow or the carrier. No settlement was ever effected; but plaintiff was unable by appropriate motion to get the case restored to the calendar. The facts thus shown do not bar the widow's prosecution of her claim. This was not a "third-party action" within section 29 of the Workmen's Compensation Law insofar as the action against the employer was concerned. That section refers throughout to an action against

"another" or "such other", meaning not the employer and not one in the same employment. The discontinuance of an action against an employer cannot reasonably be deemed to fall within this section on any possible reading of its language; nor could the discontinuance of the action asserted jointly against the employer and one who could not be liable except derivatibly through the employer be treated in any different way. ( Cf. *Matter of Janikowski* v. *Yardleys of London,* 11 A D 2d 577.) The owner of the building could only become liable under the theory asserted in the complaint of the widow if the employer itself had been liable for failing to provide a safe place to work and to make proper regulations. Other legal theories might be spelled out under different facts ·or different pleadings, but this is the only admissible theory under the pleadings in this Supreme Court action. This is not, therefore, literally an action against "another" in the sense in which the term is used in section 29. Moreover, there seems to have been no compromise within the intent of the statute. The case was marked "settled" through obvious error of counsel and the court refused to restore it. Employer (and presumably its carrier) was not a stranger to these proceedings; on the contrary it was a direct party to the action and could have stipulated restoration. Instead, the employer opposed the motion. We are of opinion that this kind of proceeding does not accrue to the benefit of the employer or carrier within any reasonable interpretation of section 29. Award affirmed as to the infant children and reversed as to claimant widow and remitted to the board for further proceedings, with costs to claimant against the carrier respondent, and with costs in favor of the Workmen's Compensation Board against carrier as appellant. On the question of costs the order should be settled.