In the Matter of the Claim of PETER TRUBISH, Respondent, v NEW YORK INSTITUTE OF TECHNOLOGY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, May 10, 1984

#### APPEARANCES OF COUNSEL

*Raymond C. Green* (*Thomas J. Spargo* of counsel), for appellants.

*Robert Abrams*, Attorney-General (*Theresa E. Wolinski, Carlin Meyer* and *Reed Brody* of counsel), for Workers' Compensation Board, respondent.

#### OPINION OF THE COURT

MAHONEY, P. J.

Claimant was employed as an assistant foreman of grounds by the New York Institute of Technology at its campus in the Village of Old Westbury, Nassau County. On September 18, 1980, the union of which claimant was a member held a meeting on the employer's premises with its permission after the close of claimant's shift. Claimant "punched out" at the usual time of 4:30 P.M. and proceeded directly to the meeting. The meeting lasted approximately one hour and, as claimant was leaving the hall, he tripped

over the door saddle and fell, seriously injuring his left knee.

Although the employer commenced proceedings by filing a report of injury on September 23, 1980, its insurance carrier contested claimant's right to benefits alleging, *inter alia,* that the accident did not arise out of and in the course of employment. After a hearing on March 19, 1981, the referee found accident, notice and causal relationship. On appeal by the carrier, the board, in a decision filed May 24, 1982 and amended February 18, 1983, affirmed the referee's finding of accident in the course of employment. The majority of the board based its finding upon claimant's right to both safe ingress and egress from work (see *Matter of Diaz v Plaza Hotel,* 79 AD2d 804) and a reasonable amount of time within which to leave the premises after work duties had ended (see *Matter of Grimaldi v Shop Rite Big V,* 90 AD2d 608). The third member of the panel relied upon the separate ground that a claimant's participation in a union activity connected with the collective bargaining process is of benefit to the employer, such that an injury occurring as a result of such activity arises in the course of employment. This appeal by the employer and its carrier ensued.

We reject the contention that a union meeting is, per se, a non-work-related activity that is separate and apart from employment responsibilities so as to remove all who attend from the course of employment. We also reject the broad principle that attendance at a union meeting is necessarily mutually beneficial to the employer and the employee such that it would be brought within the course of employment.

We are aware that a number of jurisdictions have recognized that, since the collective bargaining process is mutually beneficial to the employer and employee, an accident arising out of a union activity undertaken by an employee in connection with that process is in furtherance of the employment relationship and is compensable (see, e.g., *Caterpillar Tractor Co. v Shook,* 313 NW2d 503 [Iowa]; *Herndon v UAW Local No. 3,* 56 Mich App 435; *Mikkelsen v N. L. Inds.,* 72 NJ 209; *Salierno v Micro Stamping Co.,* 136 NJ Super 172, affd 72 NJ 205; *Repco Prods. Corp. v Workmen's Compensation Appeal Bd.,* 32 Pa Common-

wealth Ct 554). We choose, however, not to join our sister jurisdictions in the application of such a broad rule, particularly where, as here, the subject matter of the union meeting is not only unknown to the employer but also has not been so articulated in advance of the meeting so as to preclude possible discussion of such matters as a sit-down strike, a demand for an increase in wages, a demand for shorter hours of employment, or other union matters which, though perfectly justifiable in themselves, cannot be said to be for the benefit of the employer. Further, we cannot accept the contention that all unionized employees, who can be numbered in the hundreds of thousands, are representatives of their union when they attend meetings even when the sole topic of the agenda is contract negotiations. The purpose of such meetings for employees is to inform them of the subjects of the negotiations so as to permit intelligent voting. This is not to say that an employee in the capacity of a union official, such as a shop steward, may not simultaneously serve the interest of the employer and the employees when he attends a union meeting to discuss the issue of collective bargaining looking toward the satisfactory culmination of contract negotiations. Such is not the case herein. Claimant, a union member, made a personal choice to attend a meeting that might reach a bargaining position to be presented to the employer. That position, however, could only be presented for negotiation to the employer by the union's representative. Accordingly, in our view, claimant's sole contribution would be a vote in favor of a negotiation position that his union's representative would in turn present to the employer. It follows, therefore, that claimant was not within the scope of his employment when he fell exiting the meeting.

However, despite our holding that claimant's attendance at a union meeting on the employer's premises was not an extension of his workday such that he was within the scope of his employment when he fell, we nevertheless conclude that claimant's injury occurred as he was leaving the employment premises within a reasonable time after ceasing his work duties. The employer was not only aware of the fact that the union meeting was being held after

working hours, but had given express permission for it to be held on the premises. Accordingly, it is clear that since the employer had given permission for claimant to remain on the premises for the duration of the meeting, if he chose to attend, claimant had a right to safe egress and a reasonable amount of time within which to leave the premises after the union meeting concluded (see *Matter of Lippman v Biennier Transp. Co.*, 12 AD2d 681, affd 10 NY2d 757; *Matter of Babkees v Electrolux Corp.*, 4 AD2d 710, mot for lv to app den 3 NY2d 708).

The decision should be affirmed, with costs to the Workers' Compensation Board.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board.