■ In the Matter of the Claim of ALICE ROCK, Respondent, v SULLIVAN COUNTY SHERIFF'S DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [604 NYS2d 1015] —Mahoney, J. Appeal from a decision of the Workers' Compensation Board, filed April 27, 1992, which, *inter alia,* established accident, notice and causal relationship.

In this appeal, the employer objects to the Workers' Compensation Board's ruling that, given the job-related stress that claimant's decedent was under, his myocardial infarction was causally related to his job activities. Testimony indicated that decedent, a correction officer, experienced months of job-related stress and strain arising from an investigation involving an incident where a prisoner died while under decedent's charge due to decedent's alleged neglect, two subsequent physical assaults upon decedent by inmates, and an ultimately dismissed investigation into whether he aided in a jail break by selling the escapee a hacksaw blade. Decedent's treating physician testified that the infarction was caused in part by these stresses. In view of this, we find that substantial evidence exists to support the Board's findings (see, e.g., *Matter of Greenbaum v MKI Sec.,* 189 AD2d 986; *Matter of Sturtevant v Broome County,* 188 AD2d 893). The fact that other preexisting conditions also may have contributed to the infarction does not require a different result (see, e.g., *Matter of Black v Metropolitan Tobacco,* 71 NY2d 989). Further, the fact that the employer's medical expert testified to the contrary regarding the issue of causation merely created a question of fact for determination by the Board (see, e.g., *Matter of Curtis v Adirondack Trailways,* 146 AD2d 900).

Weiss, P. J., Mercure, Cardona and White, JJ., concur. Ordered that the decision is affirmed, without costs.