■ In the Matter of the Claim of JOHN STEWART, Respondent, v P & C FOOD MARKETS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [653 NYS2d 438] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed July 6, 1995, which, *inter alia*, ruled that claimant sustained a causally related disability.

After working as a cashier for approximately two months, claimant consulted an orthopedic surgeon complaining of persistent pain in his legs and feet. The surgeon diagnosed the cause of pain as a slipped femoral epiphysis or slipped left hip and performed surgery to correct the condition in August 1990. Subsequent to the surgery, claimant's manner of walking changed, resulting in his allegedly developing chronic low back pain in addition to the continuing hip pain. He did not return to work and filed a claim for workers' compensation benefits. He was treated by two chiropractors who testified at the hearing. He was also examined by another orthopedic surgeon who also testified at the hearing as did the surgeon who performed the operation. It was not disputed that claimant suffered from epiphysis, a condition that apparently kept the ball of his left hip joint from properly connecting the hip to the femur of his left leg, prior to his employment. Epiphysis is caused by a growth hormone deficiency. The surgery was required due to the slippage of the epiphysis. According to the testimony of the surgeons, neither the slippage nor the back problems following surgery were caused by claimant's employment. The chiropractors, however, opined that claimant's job duties caused both the slipped hip and his later low back pain. The Workers' Compensation Board ultimately ruled in claimant's favor finding accident, notice and causal relation for both the back and hip condition.

On appeal, the employer and its insurer contend that the chiropractors were not qualified to give an opinion on causal relationship. This issue, however, was not addressed administratively nor was it presented in the proceedings before the Board; accordingly, it may not now be raised (*see, Matter of Fonda v Norton Co.*, 195 AD2d 834). In any event, criticism of an expert's qualifications is not sufficient to prevent the rendering of an opinion; instead, it is an element to be considered by the fact-finder in determining the weight to be accorded the expert's testimony (*see, Matter of Enu v Sobol*, 171 AD2d 302).

We also find that the record contains substantial evidence supporting the Board's determination that claimant's disability was causally related to his employment (*see, Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801). The conflicting opinions offered by the medical experts merely presented a factual dispute for the Board to resolve (*see, Matter of Rock v Sullivan County Sheriff's Dept.*, 199 AD2d 659).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.