■ In the Matter of the Claim of SHIRLEY BECKER, Appellant, v STRYCO CONSTRUCTION COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 450] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 1997, which ruled that claimant's decedent did not sustain a causally related disability and denied her claim for workers' compensation death benefits.

On April 16, 1992 at approximately 9:20 A.M., claimant's decedent, approximately 60 years old, was working on a construction site moving 16-foot two-by-fours when he was stricken and fell from a four-foot high scaffold. Decedent was rushed to the hospital and died later that day from a myocardial infarction. Claimant, decedent's wife, thereafter filed a claim for workers' compensation death benefits. Following a hearing, the Workers' Compensation Law Judge disallowed the claim, concluding that decedent's myocardial infarction had begun several hours before he started work and was precipitated solely by preexisting undiagnosed cardioatherosclerotic disease unrelated to his employment. The Workers' Compensation Board affirmed the ruling, noting that decedent's activities at work that day did not contribute to his death. This appeal followed.

We must affirm as there is substantial evidence in the record to support the Board's conclusion that decedent's underlying severe coronary atherosclerosis and his resulting myocardial infarction did not arise out of or during the course of his employment. At the hearing, there was conflicting medical testimony regarding whether decedent's heart attack occurred while he was working or whether it had actually begun earlier that morning before decedent arrived at work. Significantly, John Macaluso, the cardiologist who treated decedent at the hospital on the day of his death, testified that because decedent's chest pains reportedly began when he awoke at 5:00 A.M. to 5:15 A.M. and continued all morning, the heart attack had commenced prior to the time he started work. Macaluso also testified that decedent's abnormally high "CPK" readout from a 10:45 A.M blood test was indicative of a myocardial infarction that had begun four to six hours earlier. The hospital records prepared on the day of the incident supported Macaluso's testimony. Although claimant produced a medical expert who testified to the contrary, it is well settled that resolution of any conflicts in medical testimony on the issue of causation is within the province of the Board (see, Matter of Losso v Tesco Traffic Servs., 248 AD2d 812, 813; Matter of Roc v Sullivan County Sheriff's Dept., 199 AD2d 659).

The record further contains substantial evidence to support the conclusion that decedent's work was not a contributing factor to his heart attack (*see, e.g., Matter of Currie v Town of Davenport*, 37 NY2d 472). David Dean, a cardiovascular disease doctor who reviewed and analyzed decedent's medical reports, opined in a January 28, 1995 report that decedent's work activities that day and his fall from the scaffolding had nothing to do with his severe coronary artery disease and resulting infarction. Given this proof, we are constrained to conclude that there is substantial evidence supporting the Board's determination despite the fact that there may be evidence in the record to the contrary.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.