Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ In the Matter of the Claim of DIANNE TOMPKINS, Respondent, v SUNRISE HEATING FUELS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [707 NYS2d 272] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 1998, which ruled that the death of claimant's decedent arose out of and in the course of his employment and awarded workers' compensation death benefits.

On November 29, 1995, claimant's decedent, who delivered fuel oil for the employer, notified the employer that he felt ill and was leaving work to seek medical attention. Following his collapse in his doctor's office, decedent was taken to a local hospital, where he died five days later. The death certificate listed the cause of death as heart failure due to an acute myocardial infarction.

Claimant, decedent's spouse, thereafter filed a claim for workers' compensation death benefits. The Workers' Compensation Board ultimately reversed the Workers' Compensation Law Judge's decision denying the claim for benefits, finding that decedent's work activities contributed to the myocardial infarction and that decedent's resulting death was an accidental injury arising out of and in the course of employment. This appeal by the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) ensued.

We affirm. As a starting point, we need not consider the applicability of Workers' Compensation Law § 21; the Board's finding of causal relationship was not based upon the presumption contained therein but, rather, upon the testimony adduced at the underlying hearing (*see, Matter of Gordon v Paul*, 233 AD2d 798).

Turning to the merits, the testimony and documentary evidence reveal that decedent's cardiologist was of the view that the physical demands of decedent's work activities and certain environmental conditions relating to decedent's employment were significant contributing factors to decedent's myocardial infarction. While the cardiologist who reviewed decedent's

medical history on behalf of the employer was unable to causally relate decedent's myocardial infarction to decedent's employment, noting that decedent's medical history included certain preexisting conditions and risk factors for heart disease, the Board was free to resolve this conflicting medical testimony in claimant's favor (*see generally, Matter of DeBlasio v New York City Dept. of Highways*, 246 AD2d 837, 838, *lv denied* 91 NY2d 813). We therefore conclude that the Board's decision is supported by substantial evidence in the record as a whole, despite the existence of evidence to support a contrary result (*see, Matter of Castillo v Bank of Nova Scotia*, 268 AD2d 906). The employer's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.