■ In the Matter of the Claim of FRED MATEO, Appellant, v ALPHA MECHANICAL CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 250]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 5, 2001, which ruled that claimant did not suffer a causally related injury and denied his claim for workers' compensation benefits.

Claimant, a steamfitter, collapsed while hoisting a steel pipe atop a scaffold and thereafter applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had established a compensable injury based upon evidence that the stress of claimant's work activities had triggered his preexisting heart disease and hypertension, causing a cardiac event on the day in question. Finding insufficient evidence to support this conclusion, the Workers' Compensation Board rescinded the WCLJ's decision and ordered that an impartial specialist be appointed to determine whether claimant had suffered a work-related myocardial infarction. At a second hearing, cardiologist George Brief testified that his examination of claimant and review of reports submitted by previous treating and examining physicians established that claimant's collapse had been precipitated by preexisting hypertensive heart disease and an aortic insufficiency and, further, that insufficient evidence existed to support a diagnosis of a work-related myocardial infarction. The Board found this evidence sufficient to deny claimant benefits and reversed the WCLJ's decision.

On appeal, claimant challenges Brief's medical opinion on the basis that he did not review the original hospital admission records and made various concessions which tended to support the conclusion of claimant's expert, physician Stanley Mondrow, that claimant had suffered a work-related myocardial infarction. We disagree. Brief unequivocally testified that, although claimant initially received emergency room treatment for a myocardial infarction on the basis of an electrocardiogram, additional medical evidence, including subsequent electrocardiograms, cardiac enzyme testing and a myocardial perfusion imaging test, eventually precluded this diagnosis in favor of hypertension and a moderately severe aortic insufficiency. In this regard, it was not necessary for Brief to have had access to claimant's hospital admission records, as the reports of prior evaluations and his own examination provided the proper rational basis for his conclusions (see Matter of Owoc v Syracuse

*Univ.*, 301 AD2d 765, 766 [2003], *lv denied* 100 NY2d 501 [2003]; *Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]). Notably, the evidence presented by the medical expert for the workers' compensation carrier and claimant's own treating physician also supports a diagnosis of preexisting hypertensive heart disease as the cause of claimant's injury.

Finally, we note that claimant admitted that he had felt discomfort in his chest prior to reporting to work on the day of his collapse and that he underwent a hernia operation the following week, a procedure which the carrier's expert opined is clearly contraindicated for patients who have recently suffered a heart attack. In our view, such findings constitute substantial evidence supporting the Board's decision, notwithstanding the existence of contrary evidence in the record which the Board was free to resolve against claimant (*see Matter of Tompkins v Sunrise Heating Fuels*, 271 AD2d 888, 889 [2000]; *Matter of Becker v Stryco Constr. Co.*, 252 AD2d 843, 843-844 [1998]). Accordingly, the decision is affirmed.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.