■ In the Matter of the Claim of ANDREA PETERSON, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [773 NYS2d 917]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 17, 2002, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

On January 1, 1997, claimant slipped and fell on ice while leaving her employer's premises, injuring her left knee. She filed a workers' compensation claim and the case was established for accident, notice and causal relationship for this injury. In the months following the accident, claimant began experiencing problems with her right knee as well, and a second workers' compensation claim was filed with respect to this injury. Following various hearings, a Workers' Compensation Law Judge ruled that there was no causal relationship between the January 1, 1997 accident and claimant's right knee injury. The Workers' Compensation Board agreed and claimant appeals.

Conflicting medical evidence was provided by the parties concerning a causal relationship between the January 1, 1997 accident and the injury to claimant's right knee. Claimant conceded that she did not experience pain in her right knee immediately after the accident and was unaware of the problem until she began treating with her physician, Patrick De Rosa. There was no mention of this injury in the C-4 reports provided by De Rosa until his examination of claimant on April 15, 1997, when he stated that she was having pain in her right knee. At that time, he diagnosed claimant with internal derangement of the right knee and chondromalacia of the patella. He opined that because claimant had never suffered knee pain before the January 1, 1997 accident and injured her left knee at that time, her right knee injury was also attributable to the accident. On cross-examination, however, De Rosa conceded that the MRI of claimant's right knee could be interpreted as showing advanced meniscal degeneration which, when combined with a cyst growing within the knee, could become symptomatic and produce pain without an intervening traumatic event.

Andrew Dowd, the orthopedic specialist who examined claimant on behalf of the employer, testified that his physical examination was normal. He stated that the MRI showed that claimant had arthritis in her right knee, to which he attributed the pain that she was experiencing. Based on the MRI and the fact that claimant did not suffer any right knee pain for three months after the accident, Dowd opined that her right knee injury was not caused by the January 1, 1997 accident. It is well settled that the Board is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to.issues of causation (*see Matter of Joyce v United Food & Commercial Workers Local 342-50*, 307 AD2d 552, 553 [2003]). In light of this and De Rosa's equivocal testimony, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.