■ In the Matter of the Claim of GEORGE M. PAPADAKIS, Appellant, v VOLMAR CONSTRUCTION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 263]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 2003, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant, a carpenter, experienced chest pain while at home on March 30, 1997. He was admitted to the hospital for seven days after being diagnosed with a mild myocardial infarction. Following his discharge, he briefly returned to work, but was unable to continue as he experienced further heart problems requiring additional hospitalizations. After he stopped working in June 1997, he applied for and received disability benefits. In October 1997, he filed an application for workers' compensation benefits, claiming that his myocardial infarction on March 30, 1997 occurred after he lifted a cabinet and experienced chest pain while performing his duties as a carpenter two days earlier. Claimant was the only witness to testify at the hearing before the Workers' Compensation Law Judge. At the conclusion of the hearing, the Workers' Compensation Law Judge found that claimant was not a credible witness and did not sustain a causally related injury. The Workers' Compensation Board upheld that decision, resulting in this appeal.

We affirm. The Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses (*see Matter of Moore v J & R Vending Corp.*, 297 AD2d 887, 888 [2002]), and its resolution of such matters must be accorded great deference, particularly on the issue of causation (*see Matter of Baker v Orange Heating & Cooling*, 9 AD3d 517, 518 [2004]). Contrary to claimant's assertion, where no other testimony is presented at the hearing, the Board is not required to accept claimant's testimony which is inconsistent with and unsupported by documentary and/or medical proof (*see Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741-742 [2001]). Here, claimant's testimony was inconsistent with the information contained in his application for disability benefits, as well as notations made in his initial hospital discharge record. Furthermore, conflicting medical opinions were presented on the cause of claimant's disability. Insofar as the documentation in the record provides substantial evidence supporting the decision at issue, and the Board chose not to credit claimant's contrary testimony, we decline to disturb its decision. We have considered claimant's other contentions and find them to be unavailing.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.