In the Matter of the Claim of MARIETTA PROVENZANO, Respondent, v PEPSI COLA BOTTLING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [818 NYS2d 638]—

Mugglin, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed December 13, 2004, which ruled that the death of claimant's decedent arose out of and in the course of his employment and awarded claimant workers' compensation death benefits.

Claimant's husband (hereinafter decedent) was employed as a quality control technician by Pepsi Cola Bottling Company (hereinafter the employer), where he also served as a union shop steward. At approximately 10:00 P.M. on October 25, 2002, decedent was contacted at his home by Gary Ulzheimer, the assistant union shop steward, and advised of an issue concerning Anthony Shorter, an employee/union member who was supposedly working out of title. Decedent immediately went to the work location in order to address the situation, at which time he got into a "heated" discussion with Arik Sheper, the production supervisor. Following the discussion, decedent, Ulzheimer and Shorter started walking together and talking about the situation. After taking five or six steps, decedent slowly fell forward onto his knees, and then continued to fall face down on the floor and died.

Claimant subsequently submitted a claim for workers' compensation death benefits. A Workers' Compensation Law Judge awarded such benefits, finding that decedent had sustained a work-related injury which led to his death. That decision was affirmed by the Workers' Compensation Board, prompting this appeal by the employer and its workers' compensation carrier. We affirm.

A review of the record reveals that decedent's sole purpose in leaving his home and returning to work was to meet with Sheper to deal with a dispute involving the type of duties that Shorter would be permitted to perform. It is apparent from the facts of this case that the employer was aware of decedent's presence at work and the resolution of the dispute would have been beneficial to the employer in that it would have served to ensure that the necessary work would be completed by the appropriate employee without further interruption (*see Matter of Trubish v New York Inst. of Tech.*, 101 AD2d 365, 366-367 [1984]). Accordingly, under these circumstances, we find that decedent's activities were " 'reasonable and sufficiently work related' " (*Matter of Pagano v Anheuser Busch*, 301 AD2d 977, 978 [2003], quoting *Matter of Vogel v Anheuser-Busch*, 265 AD2d 705, 705 [1999]), and we will not disturb the Board's factual determination that decedent's death arose out of and in the course of his employment.

Similarly, we discern no basis in the record to conclude that the Board erred in determining that the stress associated with

the dispute precipitated decedent's death. "It is well settled that the Board is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation" (*Matter of Peterson v Suffolk County Police Dept.*, 6 AD3d 823, 824 [2004]; *see Matter of Joyce v United Food & Commercial Workers Local 342-50*, 307 AD2d 552, 553 [2003]). Here, Jack Apelbaum, an internal medicine specialist with a subspecialty in cardiology, testified that he had treated decedent for more than 10 years prior to his death. Apelbaum, who therefore had an extensive knowledge of decedent's medical history, also testified that he had been made aware of the circumstances surrounding the stress-inducing dispute. Apelbaum opined that the "most likely" and "leading cause of [decedent's] death" was a heart attack or cardiac arrhythmia brought on by the stress from the dispute. In offering such an opinion, Apelbaum provided an explanation of the underlying causal mechanism. Thus, notwithstanding the existence of medical evidence in the record which could support a contrary conclusion, Apelbaum's expert testimony comprises substantial evidence supporting the Board's determination regarding causation (*see Matter of Potter v Curtis Lbr. Co., Inc.*, 10 AD3d 819, 820 [2004]).

The remaining contention by the employer and its carrier that the incident did not constitute an accident within the meaning of the Workers' Compensation Law is unpreserved for our review inasmuch as it was not raised before the Board (*see Matter of Lumia v City of N.Y., Off. of Queens Borough President*, 21 AD3d 600, 601-602 [2005]; *Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909, 911 [2001], *lv dismissed and denied* 98 NY2d 669 [2002]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.