■ In the Matter of the Claim of ANGELO CURATOLO, Appellant, v SOFIA FABULOUS PIZZA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [837 NYS2d 791]—

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Carpinello, J. Appeals (1) from a decision of the Workers' Compensation Board, filed August 12, 2005, which denied claimant's application for workers' compensation benefits, and (2) from a decision of said Board, filed April 5, 2006, which denied claimant's request for reconsideration or full Board review.

On the evening of January 25, 2001, claimant, a heavy smoker with a family history of heart disease, was admitted into the hospital with a "presumed diagnosis of unstable angina" and myocardial infarction following complaints of on and off chest pain over the previous four days. Indeed, testing confirmed that he had suffered from a myocardial infarction. Claimant, who performed maintenance and construction work for his employer, never returned to work. In April 2001, he filed a claim for workers' compensation benefits claiming that he was injured while at work.

Following a hearing, a Workers' Compensation Law Judge found that claimant had a work-related injury and awarded him benefits. After a timely application for review filed by the State Insurance Fund, the employer's workers' compensation carrier, with no rebuttal by claimant (see 12 NYCRR 300.13 [a], [b]), the Workers' Compensation Board reversed, noting the various conflicting accounts of the events leading up to claimant's hospitalization, particularly whether claimant first experienced symptoms while actually working. On this issue, the Board credited certain medical records and testimony over that of others, including claimant and his treating physician, that his symptoms did not begin while working. Following the Board's decision, claimant submitted an untimely rebuttal, alleging that his attorney never received the Fund's application for review and requested consideration of his late submission in the interest of justice. He also filed an application for full Board review. The Board denied claimant's requests for full Board review and reconsideration of its decision. This appeal ensued.

We are unpersuaded by claimant's contention that the Board's decision is unsupported by substantial evidence. Suffice it to say, medical evidence in the record reveals conflicting accounts of what transpired in the days preceding claimant's hospitalization, including whether he was actually working when he first experienced chest pains, the precise work activity he was allegedly engaged in when he experienced symptoms and the extent to which he actually worked during those days. Faced with these conflicts, the Board relied on claimant's hospital records—which

do not document that he experienced chest pains during the course of his employment—and the testimony of the Fund's physician, who unequivocally testified that claimant informed him that his initial chest pains began prior to beginning work on a particular day. This physician also opined that there was no direct relationship between claimant's employment and the onset of the myocardial infarction but rather same was the result of family history, hyperlipidemia and excessive smoking.

While other physicians testified that claimant's myocardial infarction was work related, "[i]t is well settled that the resolution of such conflicting medical opinions lies within the province of the Board" (*Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]; *see Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]). Moreover, "its resolution of such matters must be accorded great deference, particularly on the issue of causation" (*Matter of Papadakis v Volmar Constr., Inc., supra* at 875; *accord Matter of Peterson v Suffolk County Police Dept.*, 6 AD3d 823, 824 [2004]). In short, since substantial evidence exists to support the Board's determination disallowing benefits for claimant's myocardial infarction, we will not disturb it despite medical evidence which would support an opposite conclusion (*see Matter of Gilman v Champlain Val. Physicians Hosp., supra; Matter of Papadakis v Volmar Constr., Inc., supra; Matter of Tangredi v GAF Constr. Corp.*, 125 AD2d 811, 812-813 [1986]; *compare Matter of Mateo v Alpha Mech. Corp.*, 2 AD3d 1000, 1001-1002 [2003]; *Matter of Masi v Town of Clarkstown*, 260 AD2d 889, 890 [1999]; *Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859, 860-861 [1997]).

Finally, the record contains proof of service of the Fund's application for Board review on claimant's attorney (*see* 12 NYCRR 300.13 [a]). While the affirmation of service contains an obvious typographical error, we are unpersuaded that this somehow calls into doubt the otherwise sufficient showing that the application was indeed served. Thus, we find no abuse of discretion in the Board's refusal to consider claimant's untimely rebuttal to this application (*see* 12 NYCRR 300.13 [b], [e] [2]; *see generally Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 979 [2005]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.