■ In the Matter of the Claim of MARCIA SCHMELING, Appellant, v NEW VENTURE GEAR, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 407]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 13, 2006, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

In 2001, claimant filed a claim for workers's compensation

benefits, alleging that years of psychological harassment at her workplace led to multiple stress-induced injuries. Subsequently, claimant was diagnosed as suffering from, among other things, schizo-affective disorder, bipolar type, anxiety disorder, paranoia, depression and posttraumatic stress syndrome. A Workers' Compensation Law Judge determined that, although claimant requires ongoing medical treatment, she did not establish a causal relationship between her disability and her employment. The Workers' Compensation Board affirmed the decision, prompting this appeal. We affirm.

" 'It is well settled that the Board is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation' " (*Matter of Provenzano v Pepsi Cola Bottling Co.*, 30 AD3d 930, 932 [2006], quoting *Matter of Peterson v Suffolk County Police Dept.*, 6 AD3d 823, 824 [2004]; *accord Matter of Curatolo v Sofia Fabulous Pizza*, 41 AD3d 1049, 1051 [2007]). Here, the Board considered the medical opinions of four of claimant's treating physicians. Two physicians, who were board-certified psychiatrists, could not trace claimant's psychological disabilities to her employment, while a psychiatrist who was not board-certified and a physician who was certified only in occupational medicine opined that her condition was causally related to workplace harassment. When confronted with such evidence, it is within the Board's discretion to conclude that claimant has not shown a link between her condition and her employment. As such, we find the Board's decision to be supported by substantial evidence and decline to disturb it (*see Matter of Lumia v City of N.Y., Off. of Queens Borough President*, 21 AD3d 600, 601 [2005]).

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.