Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 18, 2011, which ruled that the death of claimant’s husband was causally related to his employment.
Claimant’s husband (hereinafter decedent) was employed as a receiver at a grocery store. He was assigned, however, to be the acting store manager during the afternoon and evening shift of February 7, 2010, which was the day of the Super Bowl, an historically busy day at the store. At approximately 7:00 p.m., decedent collapsed to the floor of the store and soon after died. Claimant thereafter applied for workers’ compensation death benefits. Following hearings, the Workers’ Compensation Law Judge determined that decedent’s death was not causally related to his employment. On review, the Workers’ Compensation Board reversed, and the employer and its claims administrator (hereinafter collectively referred to as the employer) now appeal.
We affirm. Initially, we note that the Board’s determination of a causal relationship was not solely based upon the presumption contained within Workers’ Compensation Law § 21 (1), but also relied upon the medical evidence and testimony from the hearing therein (see Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d 888, 888 [2000]).
“It is well settled that the Board is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation” (Matter of Peterson v Suffolk County Police Dept., 6 AD3d 823, 824 [2004] [citation omitted]; accord Matter of Provenzano v Pepsi Cola Bottling Co., 30 AD3d 930, 932 [2006]). Here, claimant’s expert opined that decedent suffered from extensive cardiovascular disease and that he died from a myocardial infarction. He further opined that the myocardial infarction was triggered by the stress and excitement resulting from the responsibility of running the entire store on Super Bowl Sunday, as well as decedent being involved in an altercation with an irate customer prior to collapsing. Accordingly, he concluded that decedent’s death was causally related to his employment.
The employer’s expert found the same cause of death, but concluded that, if there was no evidence of significant work- *1212 related stress or aggravation immediately preceding decedent’s collapse, then decedent’s death was not causally related to his employment. Although we agree with the employer that the record reflects that the altercation with the customer occurred hours before decedent’s death, we note that the employer’s expert also testified that, while uncommon, it is possible that an event that does not occur in close proximity to a myocardial infarction could still be a triggering event. Accordingly, despite evidence in the record that may support a contrary result, we find the Board’s decision supported by substantial evidence, and we decline to disturb it (see Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d at 889).
Lahtinen, J.E, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.