*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                    520118
_____

In the Matter of the Claim of
    RITA KILCULLEN,
                         Respondent,

        v

AFCO/AVPORTS MANAGEMENT LLC                 MEMORANDUM AND ORDER
    et al.,
                         Appellants.

WORKERS' COMPENSATION BOARD,
                         Respondent.
_____


Calendar Date:   March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                          _____


        Walsh and Hacker, Albany (Peter J. Walsh of counsel), for
appellants.

        The Law Firm of Alex C. Dell, Albany (George P. Ferro of
counsel), for Rita Kilcullen, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

                          _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 26, 2014, which ruled that the death of claimant's
husband was causally related to his employment and awarded
workers' compensation benefits.

On December 14, 2010, claimant's husband (hereinafter decedent) was employed as a process operator assigned to Albany International Airport's glycol facility, which, among other things, produces the glycol necessary for deicing the aircraft and filtering the glycol from runoff water in the airport's drainage system. During his shift that day, decedent sustained a myocardial infarction and collapsed while assisting his coworker's response to a frozen fluidization valve in the facility's treatment system that, if not fixed promptly, could have impacted the proper functioning of the facility's treatment system. Having suffered brain damage from the myocardial infarction, decedent never regained consciousness following his collapse and died on December 21, 2010. Thereafter, claimant, decedent's spouse, filed a claim for workers' compensation benefits and a claim for death benefits, each of which the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted. Following hearings, a Workers' Compensation Law Judge found that decedent's work activities contributed to the myocardial infarction and that decedent's resulting death arose out of and in the course of his employment. On administrative review, the Workers' Compensation Board agreed with these findings, and the employer now appeals.

We affirm. Initially, we note that the Board's determination of a causal relationship was not based upon the presumption contained within Workers' Compensation Law § 21 (1), but upon the medical evidence and testimony from the hearing therein (see Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211 [2012]; Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d 888, 888 [2000]; cf. Matter of Thompson v Genesee County Sheriff's Dept., 43 AD3d 1252, 1253 [2007]). "In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as a totality, it contains substantial and adequate opinion evidence to support the Board's finding" (Matter of Gallo v Village of Bronxville Police Dept., 120 AD3d 849, 850 [2014] [internal quotation marks and citation omitted]). "A heart injury precipitated by work-related physical strain is compensable, even if a pre-existing pathology may have been a contributing factor and the physical exertion was no more severe than that regularly encountered by the claimant"

(id. [internal quotation marks and citations omitted]; see Matter of McCormick v Green Bus Lines, 29 NY2d 246, 248 [1971]; Matter of O'Donnell v Town of Moriah, 58 AD2d 702, 702 [1977]).

Here, the testimony and evidence in the record demonstrates that shortly before decedent collapsed, he was instructed to add insulation in an attempt to fix the frozen valve and, to do so, traveled outside at night across snow-covered ground in freezing temperatures to locate and retrieve additional insulation from a storage structure located at least 500 feet away. In addition, Thomas Martin, the lead process operator, explained in his testimony that if decedent and his colleague were unable to quickly fix the frozen valve that evening, the glycol treatment facility at the airport would have "shut[] down." Based upon the foregoing, Raymond Basri, a doctor specializing in internal medicine with 25 years of experience in diagnostic cardiology who reviewed decedent's medical records, opined that decedent's work activities immediately prior to his collapse, in combination with the environmental conditions at that time and the physical and emotional stress associated with having to assist with the timely repair of the frozen valve, were significant contributing factors to decedent's acute myocardial infarction and resulting death.

While the cardiologist who reviewed decedent's medical records on behalf of the employer was unable to causally relate decedent's myocardial infarction to decedent's employment, given that decedent's medical history included certain preexisting conditions and risk factors for his heart disease, the Board was free to resolve this conflicting medical testimony in claimant's favor (see Matter of Roberts v Waldbaum's, 98 AD3d at 1211; Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d at 888-889). In so doing, we also note the view expressed by the Court of Appeals that "[t]he rule as to what is strenuous work is not readily to be generalized to fit all men [or women] and all cases alike. All men [and women] suffer some adverse physical deterioration from the wear and tear of life; but one man [or woman] with inadequate cardiac reserve who continues nevertheless in employment may find the performance of physical work too strenuous for him [or her] at a particular time and under particular conditions when the same work would not adversely affect other men [or women] under any conditions; or even that

particular man [or woman] at other times under the similar physical conditions" (<u>Matter of McCormick v Green Bus Lines</u>, 29 NY2d at 248).  Accordingly, despite evidence in the record that might support a contrary result, we find that substantial evidence in the record supports the Board's determination that decedent's myocardial infarction was causally related to his employment (<u>see</u> <u>id.</u> at 248-249; <u>Matter of Roberts v Waldbaum's</u>, 98 AD3d at 1212; <u>Matter of Tompkins v Sunrise Heating Fuels</u>, 271 AD2d at 888; <u>Matter of Losso v Tesco Traffic Servs.</u>, 248 AD2d 812, 813 [1998]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the decision is affirmed, with costs to claimant.


ENTER:

Robert D. Mayberger
Clerk of the Court