Matter of Pickerd v Paragon Envtl. Constr., Inc. (2018 NY Slip Op 03787)





Matter of Pickerd v Paragon Envtl. Constr., Inc.


2018 NY Slip Op 03787


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525240

[*1]In the Matter of the Claim of BARBARA PICKERD, Respondent,
v
PARAGON ENVIRONMENTAL CONSTRUCTION, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.
Barbara D. Underwood, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.




MEMORANDUM AND ORDER
Devine
, J.
Appeal from a decision of the Workers' Compensation Board, filed September 9, 2016, which ruled, among other things, that decedent's death was causally-related to his employment and awarded workers' compensation death benefits.
On November 20, 2013, claimant's husband (hereinafter decedent) sustained a myocardial infarction and collapsed while assisting a coworker with the removal of a gasoline tank.
Decedent never regained consciousness and died three days later. Thereafter, claimant filed a claim for workers' compensation benefits and a claim for death benefits that were both controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier). Following hearings, a Workers' Compensation Law Judge found that decedent's work activities contributed to the myocardial infarction and that his resulting death arose out of and in the course of his employment. The Workers' Compensation Board agreed, and the carrier now appeals.
We affirm. Preliminarily, we note that the Board's determination of causality was not [*2]based upon the presumption contained within Workers' Compensation Law § 21 (1) and instead relied upon the medical evidence and hearing testimony (see Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d 1314, 1315 [2016]; Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211 [2012]).
As for the merits, "[a] heart injury precipitated by work-related physical strain is compensable, even if a pre-existing pathology may have been a contributing factor and the physical exertion was no more severe than that regularly encountered by the claimant" (Matter of Gallo v Village of Bronxville Police Dept., 120 AD3d 849, 850 [2014] [internal quotation marks and citations omitted]; accord Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d at 1315). Decedent's coworker testified that, at the time of the incident, he and decedent were in the process of removing an underground gasoline tank. Decedent had been using an excavator to break up concrete and scrape pea stones off the top of the gasoline tank. He collapsed shortly after retrieving a pipe wrench from his truck and descending into a three-foot-deep pit near the tank. Ashok Patel, a board-certified cardiologist, testified that, despite the presence of preexisting risk factors such as decedent's smoking habit and high, untreated cholesterol, decedent's operation of the excavator and retrieval of the pipe wrench were significant precipitating factors that caused the plaque rupture leading to the fatal myocardial infarction. A physician who reviewed decedent's medical history on behalf of the carrier attributed the heart attack to decedent's cardiac risk factors, but decedent's work need not be the sole agent of death and need only be a contributing factor (see Matter of Lavigne v Hannaford Bros. Co., 153 AD3d 1067, 1069-1070 [2017]; Matter of Mellies v Consolidated Edison Co. of N.Y., Inc., 140 AD3d 1543, 1544 [2016]). Inasmuch as it was within the province of the Board to resolve this conflicting medical evidence in claimant's favor (see Matter of Lavigne v Hannaford Bros. Co., 153 AD3d at 1069; Matter of O'Donnell v Town of Moriah, 58 AD2d 702, 702 [1977]), its determination that claimant had shown decedent's death to be causally-related to his employment is supported by substantial evidence and will not be disturbed (see Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d at 1316; Matter of Roberts v Waldbaum's, 98 AD3d at 1211-1212).
McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.