Matter of Hickey v Skanska-Walsh JV/Pace Car Plumbing LLC (2024 NY Slip Op 00659)

Matter of Hickey v Skanska-Walsh JV/Pace Car Plumbing LLC

2024 NY Slip Op 00659

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

534946
[*1]In the Matter of the Claim of Laura Hickey, Claimant,
v
Skanska-Walsh JV/Pace Car Plumbing LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Ronald Balter of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Powers, J.
Appeal from a decision of the Workers' Compensation Board, filed December 29, 2021, which ruled that decedent's death was causally-related to his employment and granted claimant's claim for workers' compensation death benefits.
On July 13, 2017, claimant's husband (hereinafter decedent), a plumber and a union shop steward, collapsed and died shortly after arriving for work at a construction site at LaGuardia Airport. Decedent's death certificate indicated that he died from hypertensive and atherosclerotic cardiovascular disease, with a complication of morbid obesity. Claimant thereafter filed an application for workers' compensation death benefits. At the ensuing hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found that, because the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) had failed to timely file a prehearing conference statement, the carrier had waived its defenses to the claim. The WCLJ found that the presumption of compensability provided by Workers' Compensation Law § 21 applied and established the claim. Upon review, in a decision filed in February 2018, the Workers' Compensation Board found that the carrier had waived its defenses by failing to file a timely prehearing conference statement. Finding, however, that decedent's death certificate was insufficient to establish that the death occurred in the course of and arose out of his employment, the Board rescinded the establishment of the claim but continued the case to allow claimant an opportunity to provide medical evidence of a causal relationship.
To that end, claimant presented the opinion and testimony of decedent's primary care physician and cardiologist, Jeffrey Spivak, as well as her own testimony and the testimony and/or written statements of decedent's coworkers who witnessed the incident. The carrier argued that claimant conducted ex parte communication with Spivak that improperly influenced his medical opinion in violation of Workers' Compensation Law § 13-a (6). The WCLJ concluded that no violation of Workers' Compensation Law § 13-a (6) had occurred and established the claim, finding sufficient credible evidence of a causally-related death. Upon review, the Board affirmed, and the carrier appeals.[FN1]
We affirm. Initially, we reject the carrier's contention that the Board erred in considering Spivak's opinion due to an alleged violation by claimant of Workers' Compensation Law § 13-a (6). Workers' Compensation Law § 13-a (6) proscribes "the improper influencing or attempt by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee." In accordance, the Board requires that "to avoid even the appearance that they are not acting in good faith, parties and their representatives are required to send a copy of any written communication with a health care professional to the opposing parties and their legal representative" (Workers' Comp Bd Release [*2]Subject No. 046-124). Such communication, however, "must be considered in context" (Matter of Knapp v Bette & Cring LLC, 166 AD3d 1428, 1430 [3d Dept 2018]). The record reflects that claimant sent an ex parte email to Spivak after the Board's prior determination that claimant must provide medical evidence of a causal relationship in support of her claim. Claimant advised Spivak of the reason for her email — evidence that decedent's death "was at least in part related to events of [his] work on July 13, 2017" — and provided Spivak with information regarding decedent's working conditions, his mental and physical state on the date of his death and the weather conditions that day. We note that Spivak testified that claimant had asked him to review decedent's medical records and the events of the day in question and make a determination as to "what [he] felt might have played a contributing role in [decedent's] demise." Spivak further testified that he based his opinion on the medical records and information provided to him by one of decedent's coworkers and claimant, all of whom testified at the hearing as to their observations of decedent and his work conditions. In light of the foregoing, although claimant's email to Spivak was ex parte, we conclude that the Board did not abuse its discretion in determining that claimant's email was not an improper attempt to influence Spivak's opinion (cf. id.).
Turning to the merits, despite some language in its decision to the contrary, the Board's determination of a causally-related death was not based upon the presumption contained in Workers' Compensation Law § 21 (1), as the Board relied on medical evidence and hearing testimony (see Matter of Pickerd v Paragon Envtl. Constr., Inc., 161 AD3d 1470, 1470 [3d Dept 2018]; Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d 1314, 1315 [3d Dept 2016]). In demonstrating a causal connection between decedent's death and his employment, "claimant was not required to demonstrate that decedent's work-related illness was the sole or most direct cause of his death, as it was sufficient to establish that the compensable illness was a contributing factor in decedent's demise" (Matter of Polonski v Town of Islip, 220 AD3d 1031, 1032 [3d Dept 2023] [internal quotation marks, ellipsis and citations omitted]; see Matter of Herris v United Parcel Serv., Inc., 196 AD3d 977, 977 [3d Dept 2021]). "A heart injury precipitated by work-related physical strain is compensable, even if a preexisting pathology may have been a contributing factor and the physical exertion was no more severe than that regularly encountered by the [decedent]" (Matter of Gallo v Village of Bronxville Police Dept., 120 AD3d 849, 850 [3d Dept 2014] [internal quotation marks and citations omitted]; accord Matter of Pickerd v Paragon Envtl. Constr., Inc., 161 AD3d at 1470-1471). "In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as [*3]a totality, it contains substantial and adequate opinion evidence to support the Board's finding" (Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d at 1315 [internal quotation marks and citations omitted]; accord Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 [3d Dept 2020]).
Claimant testified that decedent had just started reporting to the airport worksite the day before he died. Claimant testified that decedent came home from work the day before he died covered in sweat, not feeling well and complaining about the heat and the conditions at the worksite. Claimant further testified that decedent was nervous the night before he died because it was a big job, he was going to be shop steward for a large crew and he was scheduled to be introduced to the crew the next day by a union representative. According to decedent's coworkers, getting to the worksite the day decedent died required walking 15 minutes over rocky and uneven terrain in hot and humid conditions. A coworker that walked with decedent to the worksite that morning testified that decedent was sweating profusely and lagging behind during the walk and that decedent collapsed shortly after arriving at a trailer located at the worksite.
Spivak testified that he had been treating decedent for 10 years and that decedent suffered from high blood pressure, coronary artery disease, high cholesterol, had undergone a stent placement procedure, had sleep apnea and was morbidly obese. According to Spivak, decedent's death was causally-related to his employment given his medical condition combined with the physical stress of walking a long distance in high heat and humidity and the anxiety of starting a new job with greater responsibility. Given Spivak's opinion and the hearing testimony, substantial evidence supports the Board's decision and it will not be disturbed (see Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d at 1316).
Clark, J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The carrier's notice of appeal from the Board's decision references an incorrect date of filing. In the absence of any claim of prejudice, we will disregard the error (see CPLR 5520 [c]).